1  Chad Weaver (CA Bar No. 191984)
   *cweaver@edgertonweaver.com*
2  **EDGERTON AND WEAVER, LLP**
   2615 Pacific Coast Highway, Suite 300
3  Hermosa Beach, CA 90254
   Telephone: (310) 937-2066 • Facsimile: (310) 937-2064
4
   Local Counsel for Plaintiff
5
   Kevin O'Hagan (IL Bar No. 6211446)
6  *kohagan@ohaganlaw.com*
   **O'HAGAN LLC**
7  One East Wacker Drive, Suite 3400
   Chicago, IL 60601
8  Telephone: (312) 422-6100 • Facsimile: (312) 422-6110
   To Be Admitted Pro Hac Vice on Behalf of Plaintiff
9

10              **UNITED STATES DISTRICT COURT**

11              **CENTRAL DISTRICT OF CALIFORNIA**

12  DEAN KING,                        | Case No.

13              Plaintiff,            | **COMPLAINT FOR:**

14  v.

    IM GLOBAL, INDEPENDENT FILM
15  COMPANY, and LUC ROEG,
                Defendants.

| | Case No. |
|---|---|
| DEAN KING, Plaintiff, v. IM GLOBAL, INDEPENDENT FILM COMPANY, and LUC ROEG, Defendants. | **COMPLAINT FOR:** 1. COPYRIGHT INFRINGEMENT; 2. BREACH OF AN IMPLIED CONTRACT; 3. UNFAIR COMPETITION (CAL BUS. & PROF CODE § 17200 ET seq.); 4. INTERFERENCE WITH ECONOMIC RELATIONS; 5. COMMON LAW FRAUD; 6. NEGLIGENT MISREPRESENTATION; and 7. QUANTUM MERUIT |

WITH JURY DEMAND

**EDGERTON & WEAVER, LLP**
2615 Pacific Coast Hwy., Suite 300
Hermosa Beach, California 90254
Telephone: (310) 937-2066
Facsimile: (310) 937-2064
www.edgertonweaver.com

1   Plaintiff, Dean King, an individual, for his Complaint, alleges on

2   knowledge with respect to his own acts and on information and belief with respect

3   to all other matters as follows:

4   **I.**

5   **JURISDICTION AND VENUE**

6   1.   This action arises under the Copyright Act of 1976, 17 U.S.C. §§101

7   *et seq.* (the "Copyright Act"), and this court has original jurisdiction under 28

8   U.S.C. §§1338(a) and 28 U.S.C. §1331.

9   2.   This court has supplemental jurisdiction over the claims arising under

10   state law pursuant to 28 U.S.C. §1367(a) in that the state claims are related to the

11   claims over which the court has original jurisdiction that they form part of the

12   same case or controversy.

13   3.   Personal jurisdiction is proper against the Defendants because they

14   regularly transact business in the State of California. Moreover, acts giving rise to

15   Plaintiff's causes of action have occurred in the State of California.

16   4.   Venue is proper in the Central District of California under 28 U.S.C.

17   §§1391(b) and 1400(a), because the Defendants and/or their agents reside or may

18   be found in this district, Defendants' activities in this district are continuous and

19   systematic and because the claims alleged herein arise, in whole or in substantial

20   part, from Defendants' acts and transactions in this district.

21

**EDGERTON & WEAVER, LLP**
2615 Pacific Coast Hwy., Suite 300
Hermosa Beach, California 90254
Telephone: (310) 937-2066
Facsimile: (310) 937-2064
www.edgertonweaver.com

EDGERTON & WEAVER, LLP
2615 Pacific Coast Hwy., Suite 300
Hermosa Beach, California 90254
Telephone: (310) 937-2066
Facsimile: (310) 937-2064
www.edgertonweaver.com

## II.

## PARTIES

5.     Plaintiff Dean King ("King" or "Plaintiff") is an individual who resides in Richmond, Virginia and does business in the State of California.  King is an award-winning author of nine books, including national bestseller, SKELETONS ON THE ZAHARA (the "Book" or "SKELETONS ON THE ZAHARA").  King is the owner of all rights, title and interest in and to the Book. The United States Copyright Office has issued King a certificate of copyright registration (Reg. No. TX0006228057/2005-07-27 and TX0005994269/2004-05-10) for the Book.

6.     King's talent agency is United Talent Agency, which resides in Beverly Hills, California.  All work and rights or access to the Book is funneled through United Talent Agency.  Additionally, initial payment for King's services was paid by Defendant Independent Film Company and funneled through United Talent Agency.

7.     Defendant IM Global is a private entertainment company with its principal place of business in Los Angeles, California.

8.     Stuart Ford founded IM Global in 2007. IM Global produces and finances Hollywood films.  To date, the company has financed over twenty-

EDGERTON & WEAVER, LLP
2615 Pacific Coast Hwy., Suite 300
Hermosa Beach, California 90254
Telephone: (310) 937-2066
Facsimile: (310) 937-2064
www.edgertonweaver.com

featured films, establishing itself as one of the most prolific financiers outside of the major Hollywood, California film studios.

9.     IM Global has engaged in such activities for the motion picture IN SAND AND BLOOD (the "Film" or "IN SAND AND BLOOD"), and has announced that it will continue to do so.  The Film is based upon a screenplay, which purportedly was written by Ronan Bennett of IM Global, and Daniel Dale, employee and/or agent of Independent Film Company and/or Luc Roeg.  On information and belief, Bennett's and Dale's screenplay is based on King's national bestseller, SKELETONS ON THE ZAHARA.  The screenplay and Film infringe King's copyright in the Book, as set forth below.  IM Global and/or its agents/employees reside or may be found in this district, and IM Global's activities in this district are continuous and systematic.

10.     Defendant Independent Film Company ("Independent") is a private foreign corporation with its principal place of business in London, United Kingdom.  Independent specializes in the development, financing, production, and distribution of independent feature films.  Independent is the producer, promoter, distributor, of the Film, IN SAND AND BLOOD.  Independent's activities in this district are continuous and systematic.  For example, on information and belief, Independent has partnered with California-based casting agencies to cast actors for

the Film.  One of these agencies is Betty Mae, Inc., which is based out of Venice, California.

11.     Additionally, Independent negotiated with and entered into an option contract with Dean King via King's Beverly Hills, California based talent agency, United Talent Agency.

12.     Defendant Luc Roeg ("Roeg") is the CEO of Independent Film Company.  Upon information and belief, Roeg is the producer for the Film, IN SAND AND BLOOD.  On information and belief, Roeg continuously and systematically conducts business in California (including extensive California business connected specifically with the matters alleged in this action).  Roeg's business activities in California include, but are not limited to negotiating with California film studios regarding the finance and development and/or production of motion picture films.

13.     Due to their knowledge, relationships, and joint and concerted conduct, each Defendant is jointly and severally liable for the acts and omissions of the other Defendants herein.

14.     The Defendants herein identified above are collectively referred to herein as the "Defendants."

/ / /

EDGERTON & WEAVER, LLP
2615 Pacific Coast Hwy., Suite 300
Hermosa Beach, California 90254
Telephone: (310) 937-2066
Facsimile: (310) 937-2064
www.edgertonweaver.com

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

EDGERTON & WEAVER, LLP
2615 Pacific Coast Hwy., Suite 300
Hermosa Beach, California 90254
Telephone: (310) 937-2066
Facsimile: (310) 937-2064
www.edgertonweaver.com

**III.**

**BACKGROUND**

15.     On or about September 29, 2015, the entertainment magazine *Variety* announced on their website that Defendants IM Global, Independent Film Company, and Luc Roeg plan to release a feature-length motion picture, IN SAND AND BLOOD, starring popular actor Russell Crowe.  *Variety* also reported that IN SAND AND BLOOD was based on King's best-selling book, SKELETONS ON THE ZAHARA.

16.     On information and belief, Independent's CEO Luc Roeg is the producer and IM Global's Stuart Ford is the executive producer of IN SAND AND BLOOD.

17.     In February 2004, Plaintiff Dean King published SKELETONS ON THE ZAHARA.  The motion picture IN SAND AND BLOOD is undeniably, substantially, willfully and admittedly copied from and based upon King's SKELETONS ON THE ZAHARA.  In violation of federal copyright law, Defendants did not obtain King's permission to copy SKELETONS ON THE ZAHARA and do not intend to compensate King or give him any credit whatsoever for exploiting the copyright owned by Dean King in SKELETONS ON THE ZAHARA.

/ / /

COMPLAINT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

EDGERTON & WEAVER, LLP
2615 Pacific Coast Hwy., Suite 300
Hermosa Beach, California 90254
Telephone: (310) 937–2066
Facsimile: (310) 937–2064
www.edgertonweaver.com

**IV.**

**STATEMENT OF FACTS**

**A.    Dean King's SKELETONS ON THE ZAHARA.**

18.    Plaintiff Dean King researched and wrote his original book, SKELETONS ON THE ZAHARA, from 1995 to 2004.  The Book recounts the true-life experiences of the American sailors of the cargo ship *Commerce,* who were shipwrecked in 1815 off the coast of Africa.  The sailors were captured, sold into slavery and beaten and starved.  Through the efforts of *Commerce* Captain James Riley, many found their way to freedom.  The dramatic narrative details Riley's incredible physical and emotional journey.  Riley formed an unlikely and ultimately life-saving, cross/cultural friendship with his Arab captor Sidi Hamet.  Together--driven by Riley's lie to Hamet--they led both sailors and captors on a hellish two month journey to freedom through the heart of the Sahara desert.  Riley's and his crew's stories later influenced Abraham Lincoln's views on slavery.

19.    King was first inspired to research the fate of the *Commerce* crew when he was at the New York Yacht Club library in 1995.  There, King spotted an old leather-bound book on a shelf with the title *Sufferings In Africa.*  Originally published in 1817, *Sufferings In Africa* is a memoir written by James Riley who was the Captain of the *Commerce* when it shipwrecked off the coast of Africa.

COMPLAINT

EDGERTON & WEAVER, LLP
2615 Pacific Coast Hwy., Suite 300
Hermosa Beach, California 90254
Telephone: (310) 937-2066
Facsimile: (310) 937-2064
www.edgertonweaver.com

Captain Riley's tale of suffering at sea and enslavement inspired King to conduct his own first-hand research regarding the *Commerce* and its twelve man crew.

20.     Upon conducting his own research, King discovered a second memoir written by a *Commerce* crew member.  This second memoir was written by able seaman Archibald Robbins, who was another surviving member of Captain Riley's crew.  Robbins' memoir was titled, *A Journal Comprising an Account of the Loss of the Brig Commerce*.  This memoir provided King with information to write SKELETONS ON THE ZAHARA because it covered a longer period of captivity compared to Captain Riley's memoir.

21.     In SKELETONS ON THE ZAHARA, King, for the first time, brought together the memoirs of Captain Riley and Archibald Robbins to tell the story of the *Commerce* shipwreck and the fate of its crew.  However, King's research for SKELETONS ON THE ZAHARA was not limited to the memoirs of Riley and Robbins.  For example, in 2001, King traveled to Africa and spent 17 days in the Sahara desert so he could personally retrace the struggles of the twelve sailors from the shipwrecked *Commerce*.  King's trip cost around $20,000 and he traveled more than 100 miles across the Sahara desert on foot and by camel in order to experience a similar journey to Captain James Riley.  In fact, King's research enabled him to discover information not previously known by Riley and

EDGERTON & WEAVER, LLP
2615 Pacific Coast Hwy., Suite 300
Hermosa Beach, California 90254
Telephone: (310) 937-2066
Facsimile: (310) 937-2064
www.edgertonweaver.com

1 Robbins. King included this new information in his original, copyrighted book,

2 SKELETONS ON THE ZAHARA.

3     22.    Additionally, in order to understand the geographical and culture

4 aspects of the Sahara and its people, King spoke with many individuals, including

5 weather and tidal specialists at the International Centre for Earth Tides at the

6 Royal Observatory of Belgium and research historians at the Library of Congress,

7 National Archives and Records Administration, and New-York Historical Society.

8     23.    King's extensive first-hand research gave him the historical

9 perspective and creative ideas to write SKELETONS ON THE ZAHARA. In

10 2004, King finished writing SKELETONS ON THE ZAHARA and Little, Brown

11 and Company published the book.

12     24.    SKELETONS ON THE ZAHARA became a national and *New York*

13 *Times* bestseller.  The book was selected as a best book of the year by the

14 *Washington Post*, *San Francisco Chronicle*, *Pittsburgh Tribune-Review*,

15 *Amazon.com*, and *Salon.com*.

16     25.    Additionally, SKELETONS ON THE ZAHARA was extensively

17 reviewed and commented upon in the media. For example, the *Denver Post* wrote,

18 "King's detailed research and breezy writing in Skeletons on the Zahara bring the

19 story of the depravations these marooned men faced into vivid, stomach-churning

20 reality."  Moreover, commenting on how well the book SKELETONS ON THE

21

EDGERTON & WEAVER, LLP
2615 Pacific Coast Hwy., Suite 300
Hermosa Beach, California 90254
Telephone: (310) 937-2066
Facsimile: (310) 937-2064
www.edgertonweaver.com

1    ZAHARA would transform to film, *The Washington Post* wrote, "Structured…in

2    such cinematic terms that one can almost see the words 'An Anthony Minghella

3    film' superimposed on the opening scene — a caravan of 1,000 Arab merchants

4    and their 4,000 camels stretched across the Sahara, caught in a howling

5    sandstorm."

6         26.    The popularity of SKELETONS ON THE ZAHARA was recognized

7    well before the book was officially published in 2004.  In fact, on or about

8    February 22, 2002, King entered into an option contract where film production

9    company, Intermedia, optioned SKELETONS ON THE ZAHARA.  An option

10   contract is an agreement that allows a producer to obtain the film rights to an

11   author's book for a period of time with the goal of making the book into a film.

12   When a book is optioned, the producer has not actually purchased the right to use

13   the book; he has simply purchased the "exclusive right" to purchase the book at

14   some point in the future, if he is successful in setting up a deal to actually film and

15   produce a movie that utilizes the book.

16        27.    On or about February 22, 2006, King's option contract with

17   Intermedia expired.  Thus, Intermedia did not purchase the film rights to

18   SKELETONS ON THE ZAHARA and the book was not made into a screenplay

19   or motion picture film.

20

21

**B.** **Dean King's Option Contract With Independent Film Company.**

28.  In 2007, Defendants Luc Roeg and Independent Film Company expressed interest in signing an option contract with King.  For example, on May 17, 2007, Roeg emailed King's literary agent, Jody Rein. Roeg stated, "We want to make a film out of the book [referring to "Skeletons on the Zahara"]…because we thought it was an outstanding story that will lend itself very well to film."  Further, when referring to the characters depicted in King's book, Roeg wrote: "If the plight of these men is shown accurately…the book tackles the interaction between religions and cultures in such a way modern audiences can't help but find interesting and relevant."  Lastly, Roeg noted that he was "determined to see that the film and script were as representative of the book…as possible."

29.     On July 10, 2008, Independent Film Company entered into an option contract with King.  A copy of this contract is attached as **Exhibit A**.

30.     Independent and King's option contract stated that King was the sole author of the Book.  The contract also gave Independent the "sole and exclusive option to purchase the exclusive film, television (excluding documentary television rights) and certain other rights" in the Book upon the terms and conditions of the option agreement.

31.     The option contract also stated that the minimum purchase price for the rights to SKELETONS ON THE ZAHARA was $250,000.  The option

EDGERTON & WEAVER, LLP
2615 Pacific Coast Hwy., Suite 300
Hermosa Beach, California 90254
Telephone: (310) 937-2066
Facsimile: (310) 937-2064
www.edgertonweaver.com

contract also noted additional monetary considerations.  For example, the contract noted that King would receive 5% of the producer's profits from a film that utilizes King's SKELETONS ON THE ZAHARA.  The option contract also stated that King would receive either $50,000 if a "major" or $35,000 if "mini-major" Unites States film studio entered into a commitment with Independent to finance the development and/or production of a movie that utilized King's Book, which would inevitably include the preparation of a screenplay.

32.    Lastly, the option contract gave King the right to render his services as a consultant and advisor with regard to any film that Independent would produce that utilizes King's Book.  King was also given the right to consult with Independent as it relates to the screenplay and selection of screenwriters for any film that would be produced and utilizes King's Book.

33.    On or about March 12, 2010, Independent and King renewed their option agreement.  This agreement stated that Independent had hired Ronan Bennett ("Bennett") to write a screenplay based on the Book.

34. Additionally, Luc Roeg's employee/agent Daniel Dale worked throughout the option period and was so intimately involved in the project he was named "co-screenwriter" while SKELETONS ON THE ZAHARA was still under option to Independent.  Furthermore, on information and belief, Dale is *still* listed

EDGERTON & WEAVER, LLP
2615 Pacific Coast Hwy., Suite 300
Hermosa Beach, California 90254
Telephone: (310) 937-2066
Facsimile: (310) 937-2064
www.edgertonweaver.com

**EDGERTON & WEAVER, LLP**
2615 Pacific Coast Hwy., Suite 300
Hermosa Beach, California 90254
Telephone: (310) 937-2066
Facsimile: (310) 937-2064
www.edgertonweaver.com

1   as screenwriter for IN SAND AND BLOOD and he advertises himself as

2   screenwriter of IN SAND AND BLOOD.

3       35.   Following Bennett's hiring, King worked with Independent, Roeg,

4   Dale and Bennett to write a screenplay that accurately depicted the research,

5   concepts, ideas, plot, theme, dialogue, mood, setting, pace, and characters

6   contained in King's Book.  For example, on April 29, 2011, Defendant Luc Roeg

7   emailed King asking for King's thoughts on Independent's proposed screenplay.

8   Roeg wrote, "You are the first to read outside the company, so I welcome your

9   feedback."

10      36.   On or about December 7, 2011, Independent and King renewed their

11  option contract for a third time.  In this contract, Independent agreed that King

12  would receive additional consulting fees as well as executive producer credit for

13  any film that was developed and utilized King's Book.  Additionally, the

14  agreement stated that King would remain as consultant and advisor during the

15  entire production of any film that Independent would produce that utilizes King's

16  Book.

17      37.   On or about December 7, 2012, Independent and King's option

18  contract expired.  Thus, Independent failed to purchase the film rights to

19  SKELETONS ON THE ZAHARA and the two parties' project to create a film

20

21

COMPLAINT

1   utilizing King's Book did not then materialize and the parties stopped working

2   together.

3   **C.      Defendant's Proposed Film: IN SAND AND BLOOD.**

4          38.      On or around September 29, 2015, the entertainment magazine

5   *Variety* announced on their website that Defendants IM Global, Independent Film

6   Company, and Luc Roeg plan to release a feature-length motion picture, IN

7   SAND AND BLOOD, starring popular actor Russell Crowe.  *Variety* also

8   reported that IN SAND AND BLOOD was based on King's best-selling book,

9   SKELETONS ON THE ZAHARA.  King was unaware that SKELETONS ON

10   THE ZAHARA was being made into a movie since he never sold the film rights to

11   the Book.

12          39.      At no point did Defendants request King's consent, or compensate

13   King, to exploit any intellectual property from SKELETONS ON THE ZAHARA.

14   **D.      Defendants Had Access To "SKELETONS ON THE ZAHARA."**

15          40.      At a minimum, Defendants had access to SKELETONS ON THE

16   ZAHARA through King's work with Independent and Lug Roeg.  Further,

17   Defendants had access to King, his thoughts, his processes, his original research

18   and all the previously consulting that was directly based upon his Book.

19

20   / / /

21

**EDGERTON & WEAVER, LLP**
2615 Pacific Coast Hwy., Suite 300
Hermosa Beach, California 90254
Telephone: (310) 937-2066
Facsimile: (310) 937-2064
www.edgertonweaver.com

EDGERTON & WEAVER, LLP
2615 Pacific Coast Hwy., Suite 300
Hermosa Beach, California 90254
Telephone: (310) 937-2066
Facsimile: (310) 937-2064
www.edgertonweaver.com

**E.    Defendant's IN SAND AND BLOOD Is Substantially Similar To**

**SKELETONS ON THE ZAHARA.**

41.    Numerous publications have reported that IN SAND AND BLOOD is based on SKELETONS ON THE ZAHARA.  Thus, on information and belief, IN SAND AND BLOOD is substantially similar to SKELETONS ON THE ZAHARA.  This belief will be confirmed through discovery where King will be able to review and analyze the similarities between IN SAND AND BLOOD and SKELETONS ON THE ZAHARA.

42.    Due to the similarity between IN SAND AND BLOOD and SKELETONS ON THE ZAHARA, Defendant's interfered with King's right to option or license his Book to various movie studios.

**FIRST CAUSE OF ACTION**

**(Plaintiff Against All Defendants For Copyright Infringement)**

43.    Plaintiff repeats and incorporates by reference the allegations set forth in paragraphs 1 through 42 of the Complaint as if set forth herein as paragraph 43.

44.    The Book is an original work of authorship and copyrightable subject matter under the laws of the United States.  The Book has been registered and published in conformity with the Copyright Act and all laws governing copyrights. The Book contains a copyright notice advising the reader that the story is

protected by the copyright laws.  At all relevant times, Plaintiff has been and still is the owner of all copyright rights in and to the Book.  Plaintiff has never assigned, licensed or otherwise transferred his copyright rights to any of the Defendants, or dedicated them to the public.

45.     In creating Ronan Bennett's screenplay and announcing that IN SAND AND BLOOD is based on King's SKELETONS ON THE ZAHARA, Defendants, and each of them, copied, used, modified, reproduced, distributed and otherwise exploited original and protectable elements and expressions of the Book, including, but not limited to, the expression of concepts, ideas, plot, theme, dialogue, mood, setting, pace, and characters contained therein.  In all matters alleged in this Complaint, Defendants, and each of them, acted without authorization of any kind from Plaintiff.  Defendants' actions constituted and continue to constitute copyright infringement in violation of Plaintiff's exclusive rights under the Copyright Act (17 U.S.C. §§101 *et seq*.).

46.     Defendants' infringement has been willful, intentional and in disregard of and with indifference to Plaintiff's rights in the Book.

47.     As a result of the Defendants' infringement of Plaintiff's exclusive copyright rights, Plaintiff is entitled to relief under 17 U.S.C. §504, and to his attorneys' fees and other costs under 17 U.S.C. §505.

EDGERTON & WEAVER, LLP
2615 Pacific Coast Hwy., Suite 300
Hermosa Beach, California 90254
Telephone: (310) 937-2066
Facsimile: (310) 937-2064
www.edgertonweaver.com

COMPLAINT

48.    Plaintiff has suffered, and will continue to suffer, irreparable injury as a proximate result of Defendants' infringing conduct, some substantial portion of which cannot be compensated in money damages if such wrongful conduct is permitted to continue.

49.    The Defendants' conduct also constitutes contributory and vicarious copyright infringement of Plaintiff's copyrights.

50.    The Defendants have engaged in, and continue to engage in the business of knowingly and systematically inducing, causing, and/or materially contributing to the violation of the Plaintiff's exclusive copyrights.  The acts of infringement by the Defendants have been willful, intentional, and purposeful, in reckless disregard of, and indifference to the rights of Plaintiff.

51.    Defendants have had, and continue to have, the right and ability to supervise and/or control the infringing conduct of the Defendants but have failed and refused to exercise such supervision and/or control.  As a direct and proximate result of such failure and refusal, Defendants and their advertisers, agents, assigns, and contracting parties, including Defendants, have infringed on Plaintiff's copyright in the Book, and Defendants, and each of them, have derived a direct financial benefit from the infringements.

EDGERTON & WEAVER, LLP
2615 Pacific Coast Hwy., Suite 300
Hermosa Beach, California 90254
Telephone: (310) 937-2066
Facsimile: (310) 937-2064
www.edgertonweaver.com

EDGERTON & WEAVER, LLP
2615 Pacific Coast Hwy., Suite 300
Hermosa Beach, California 90254
Telephone: (310) 937-2066
Facsimile: (310) 937-2064
www.edgertonweaver.com

1    52.    The acts of infringement by Defendants have been willful, intentional

2    and purposeful, in reckless disregard of, and with indifference to, the rights of

3    Plaintiff.

4    53.    Defendants' conduct is causing, and unless enjoined and restrained by

5    this Court, will continue to cause, Plaintiff certain great and irreparable injury that

6    may not be able to be fully compensated in money; and for those damages,

7    Plaintiff may have no adequate remedy at law.  In connection with conduct of

8    Defendants causing specific damages to Plaintiff for which there is no adequate

9    remedy at law, Plaintiff is entitled to injunctive relief prohibiting further

10   infringements of Plaintiff's rights pursuant to 17 U.S.C. §502.

11   54.    As a direct and proximate result of the infringement by Defendants of

12   Plaintiff's exclusive rights, Plaintiff is entitled to actual damages and Defendants'

13   profits pursuant to 17 U.S.C. §504(b).

14   55.    Alternatively, Plaintiff is entitled to the maximum statutory damages,

15   pursuant to 17 U.S.C. §504(c).

16

17

18   / / /

19   / / /

20   / / /

21

COMPLAINT

EDGERTON & WEAVER, LLP
2615 Pacific Coast Hwy., Suite 300
Hermosa Beach, California 90254
Telephone: (310) 937-2066
Facsimile: (310) 937-2064
www.edgertonweaver.com

## SECOND CAUSE OF ACTION

## (Plaintiff Against Independent Film Company and Luc Roeg For Breach of

## Implied-In-Fact Contract)

56.     Plaintiff repeats and incorporates by reference the allegations set forth in paragraphs 1 through 42 of this Complaint as if set forth herein as paragraph 56.

57.     Both IN SAND AND BLOOD and Ronan Bennett's screenplay exploit unique, novel, and creative ideas communicated by Plaintiff to Defendants through Plaintiff's consulting and advisory work with Independent and Luc Roeg.

58.     By virtue of Independent's and Roeg's acceptance and use of Plaintiff's services and ideas, an agreement was implied-in-fact to pay Plaintiff the reasonable value of those services and to credit Plaintiff as creator and/or executive producer thereof, and to employ Plaintiff in connection therewith consistent with custom and practice in the industry.

59.     Plaintiff performed all covenants and conditions required of him pursuant to said agreement.  Defendants breached said agreement by using and profiting from Plaintiff's ideas and services without compensation or credit to Plaintiff.

///

60.     As a result of the foregoing, Plaintiff was damaged in an amount according to proof for both IN SAND AND BLOOD and Ronan Bennett's screenplay for IN SAND AND BLOOD.

### THIRD CAUSE OF ACTION

**(Plaintiff Against Independent Film Company and Luc Roeg For Unfair Competition Pursuant To California Business and Professions Code § 17200)**

61.     Plaintiff repeats and incorporates by reference the allegations set forth in paragraphs 1 through 42 of this Complaint, as if set forth herein as paragraph 61.

62.     The acts and omissions of Defendants alleged in this Complaint institute unlawful and unfair business practices, in violation of California Business & Professions Code § 17200 *et seq.*

63.     Defendants' unlawful business practices include, without limitation, Defendants' infringement of Plaintiff's copyright interests, fraud, negligent misrepresentation, breach of an implied-in-fact contract, intentional interference and other wrongs described herein.

64.     Defendants also unfairly interfered with Plaintiff's ability to compete by infringing his copyright interests, and diluting the value of Plaintiff's interest in SKELETONS ON THE ZAHARA.

EDGERTON & WEAVER, LLP
2615 Pacific Coast Hwy., Suite 300
Hermosa Beach, California 90254
Telephone: (310) 937-2066
Facsimile: (310) 937-2064
www.edgertonweaver.com

65.     This conduct was unfair because it offends established public policy and was immoral, unethical, and unscrupulous.  Specifically, Defendants have conspired to develop, film, and produce a film ("IN SAND AND BLOOD") that is a copy of "SKELETONS ON THE ZAHARA" and intentionally lied to Plaintiff that neither Independent Film Company nor Luc Roeg was interested in working on, or producing a film based on Plaintiff's SKELETONS ON THE ZAHARA for the sole purpose of escaping the need to compensate King for his original research, literary work and consulting services.

66.     Defendants have been put on notice that their conduct violates federal and state law, and have refused to alter such conduct.  This conduct, as well as other conduct identified herein, constitutes unfair business practices in violation of California Business & Professions Code § 17200 *et seq.*

67.     Defendants have acted deliberately with the intent to unfairly benefit from Plaintiff's services.

68.     Defendants have acted deliberately with the intent to unfairly benefit from Plaintiff's Book and the unique, creative, and novel ideas within the Book.

69.     Defendants have acted deliberately with the intent to unfairly benefit from Plaintiff's original research and knowledge.

/ / /

EDGERTON & WEAVER, LLP
2615 Pacific Coast Hwy., Suite 300
Hermosa Beach, California 90254
Telephone: (310) 937-2066
Facsimile: (310) 937-2064
www.edgertonweaver.com

EDGERTON & WEAVER, LLP
2615 Pacific Coast Hwy., Suite 300
Hermosa Beach, California 90254
Telephone: (310) 937-2066
Facsimile: (310) 937-2064
www.edgertonweaver.com

70.     As a result of Defendants' conduct, Defendants have been or will be unjustly enriched in an amount to be proven at trial, for which Plaintiff seeks restitution.

71.     The unlawful and unfair business practices undertaken by Defendants have caused irreparable harm to Plaintiff for which Plaintiff has no adequate remedy at law, and those unlawful business practices will continue to cause such irreparable harm unless restrained by this Court.

## FOURTH CAUSE OF ACTION

**(Plaintiff Against Independent Film Company and Luc Roeg For Intentional Interference with Economic Relations)**

72.     Plaintiff repeats and incorporates by reference the allegations set forth in paragraphs 1 through 42 and 56 through 71 of this Complaint, as if set forth herein as paragraph 72.

73.     Defendants' acts alleged herein have deprived and continue to deprive Plaintiff of past and prospective economic and commercial opportunities to exploit his copyright in SKELETONS ON THE ZAHARA.

74.     Defendants interfered with Plaintiff's right to option or license his Book to various movie studios.  Plaintiff is the owner of all rights, title and interest in and to the Book.  The United States Copyright Office issued Plaintiff a certificate of copyright registration for the Book.  Consequently, Plaintiff is

EDGERTON & WEAVER, LLP
2615 Pacific Coast Hwy., Suite 300
Hermosa Beach, California 90254
Telephone: (310) 937-2066
Facsimile: (310) 937-2064
www.edgertonweaver.com

widely identified with the Book and any unique, creative, and novel ideas written within the Book.  On information and belief, Defendants' plan to release a feature-length motion picture titled, IN SAND AND BLOOD. On information and belief, IN SAND AND BLOOD is based on King's SKELETONS ON THE ZAHARA. Prior to the announcement that IN SAND AND BLOOD was based on SKELETONS ON THE ZAHARA, Plaintiff was in discussion with industry producers to option or license his Book so it can be made into a motion picture film.  However, because Defendants' motion picture is "based on" SKELETONS ON THE ZAHARA, irreparable confusion now exists within the film industry as to who owns the film rights to the Book.  This confusion has terminated discussions for the purchase of film rights from Plaintiff that were occurring prior to the announcement that Defendants were creating a motion picture film based on King's Book.

75.     Defendants knew that Plaintiff sought and expected to have his Book optioned for the making of a motion picture for economic gain, yet Defendants knowingly interfered with Plaintiff's expectancy, by engaging in conduct that purposefully used King's Book and services without compensating him for it. Defendants conspired to dupe King out of his literary rights and the economic fruits of his work and consultancy services previously provided to Defendants.

COMPLAINT

EDGERTON & WEAVER, LLP
2615 Pacific Coast Hwy., Suite 300
Hermosa Beach, California 90254
Telephone: (310) 937-2066
Facsimile: (310) 937-2064
www.edgertonweaver.com

76.     Defendants knowingly, willfully, and intentionally engaged in copyright infringement, unfair business practices, fraud, negligent misrepresentation, breach of contract, and thereby knowingly interfered with Plaintiff's expectancy in a manner by engaging in conduct that was wrongful by legal measure or measures other than the fact of the interference itself.

## FIFTH CAUSE OF ACTION

### (Plaintiff Against Independent Film Company and Luc Roeg For Common Law Fraud)

77.     Plaintiff repeats and incorporates by reference the allegations set forth in paragraphs 1 through 42 and 56 through 76 of this Complaint, as if set forth herein as paragraph 77.

78.     Independent and Roeg willfully concealed from Plaintiff that they were developing and producing a motion picture film based on Plaintiff's SKELETONS ON THE ZAHARA so as to deprive Plaintiff of his fees and credits.

79.     Independent and Roeg represented to Plaintiff that they were interested in developing a film based on his Book and promised among other things, to compensate Plaintiff for the use of his Copyright in the Book, when, in fact, they had no intention of compensating Plaintiff.

80.     Independent and Roeg represented to Plaintiff that they would pay him either $50,000 if a "major" or $35,000 if a "mini-major" U.S. film studio entered into a commitment with Independent to finance the development and/or production of a movie based on Plaintiff's Book, when, in fact, they had no intention of compensating Plaintiff.

81.     Defendants intended to induce Plaintiff to rely on their misrepresentations and false omissions.  Defendants knew that because of their representations, Plaintiff would provide consulting and advisory services to them. These services include, among other things, working with Independent, Roeg, Dale, and Bennett to help write a screenplay that accurately depicted the research, concepts, ideas, plot, theme, dialogue, mood, setting, pace, and characters contained in King's Book.

82.     Plaintiff was unaware that Independent's and Roeg's representations were false.

83.     Plaintiff acted in reliance upon the truth of Defendants' representation by entering into an option agreement with Independent and Roeg. Additionally, among other things, Plaintiff relied on Defendants' representations by providing consulting and advisory services to Independent, Roeg, and Defendants' agents or employees, Bennett and Dale.

**EDGERTON & WEAVER, LLP**
2615 Pacific Coast Hwy., Suite 300
Hermosa Beach, California  90254
Telephone: (310) 937-2066
Facsimile: (310) 937-2064
www.edgertonweaver.com

**EDGERTON & WEAVER, LLP**
2615 Pacific Coast Hwy., Suite 300
Hermosa Beach, California 90254
Telephone: (310) 937-2066
Facsimile: (310) 937-2064
www.edgertonweaver.com

84.     Plaintiff was justified in relying upon Independent's and Roeg's representations because it is industry custom to pay an author for his services.

85.     As a direct and legal result of Defendants' fraudulent misrepresentation, Plaintiff has been damaged and injured in an amount to be proven at trial, but in any event in excess of the jurisdictional limit of this court.

## SIXTH CAUSE OF ACTION

### (In the Alternative to the Fourth Cause of Action, Plaintiff Against Independent Film Company and Luc Roeg For Negligent Misrepresentation)

86.     Plaintiff repeats and incorporates by reference the allegations set forth in paragraphs 1 through 42 of this Complaint, as if set forth herein as paragraph 86.

87.     Alternatively to Plaintiff's Fourth Cause of Action, Defendants Independent and Roeg made several material promises to Plaintiff when they knew each of the promises was false when made, including, but not limited to:

a.     The promise that Independent and Roeg would compensate Plaintiff a minimum of $250,000 for the use of his original works as represented in the Book as well as his services as a consultant;

b.     The promise that Independent and Roeg would pay Plaintiff either $50,000 if a "major" or $35,000 if a "mini-major" U.S. film studio entered

1  into a commitment with Independent to finance the development and/or

2  production of a movie that utilizes Plaintiff's Book;

3           c.      The promise that Plaintiff would receive 5% of the producer's

4  profits from a film that utilizes Plaintiff's Book.

5      88.     On information and belief, Independent and Roeg never intended to

6  comply with any of the promises alleged herein at the time they were made.

7  Instead, said Defendants negligently made these promises in order to take

8  advantage of King's expertise and knowledge as it relates to the research,

9  concepts, ideas, plot, theme, dialogue, mood, setting, pace, and characters

10  contained in King's Book.

11      89.     Plaintiff was the intended beneficiary of Defendants' promises.

12      90.     Said Defendants made these representations with the intent to induce

13  Plaintiff to enter into the option contract where Plaintiff would provide consulting

14  and advisory services to Independent and Roeg.  These services include, among

15  other things, working with Independent and its agents/employees, Bennett and

16  Dale to help write a screenplay that accurately depicted the research, concepts,

17  ideas, plot, theme, dialogue, mood, setting, pace, and characters contained in

18  King's Book.

19

20  / / /

21

EDGERTON & WEAVER, LLP
2615 Pacific Coast Hwy., Suite 300
Hermosa Beach, California 90254
Telephone: (310) 937-2066
Facsimile: (310) 937-2064
www.edgertonweaver.com

COMPLAINT

EDGERTON & WEAVER, LLP
2615 Pacific Coast Hwy., Suite 300
Hermosa Beach, California 90254
Telephone: (310) 937-2066
Facsimile: (310) 937-2064
www.edgertonweaver.com

91.     Plaintiff had reasonable and justifiable grounds for believing Defendants' representations and promises and justifiably relied thereon by entering into an option contract and rendering services to Defendants.

92.     King provided said services and access to his Book, yet Defendants failed to keep their promises during the time frame of the option contract so that they could make IN SAND AND BLOOD after the option contract expired so as to avoid paying Plaintiff.

93.     As a direct and proximate result of the foregoing, Plaintiff has suffered substantial damages in a sum to be determined according to proof at trial.

## SEVENTH CAUSE OF ACTION

### (Plaintiff Against Independent Film Company and Luc Roeg

### For Quantum Meruit)

94.     Plaintiff repeats and incorporates by reference the allegations set forth in paragraphs 1 through 42 of this Complaint as if set forth herein as paragraph 94.

95.     Pled in the alternative to Plaintiff's second cause of action, Plaintiff provided valuable services to Defendants Independent and Roeg.  These services include, among other things, working with Independent and its agents/employees Bennett and Dale to help write a screenplay that accurately depicted the research,

COMPLAINT

EDGERTON & WEAVER, LLP
2615 Pacific Coast Hwy., Suite 300
Hermosa Beach, California 90254
Telephone: (310) 937-2066
Facsimile: (310) 937-2064
www.edgertonweaver.com

concepts, ideas, plot, theme, dialogue, mood, setting, pace, and characters contained in King's Book.

96.    Defendants benefited from Plaintiff's knowledge, expertise, and services, including but not limited to the fact that Defendants' completed a screenplay for a film that utilizes the unique, creative, and novel ideas communicated by Plaintiff to Defendants.

97.    Defendants have failed to pay Plaintiff the reasonable value for his services.

98.    The reasonable value of Plaintiff's services is an amount in excess of the minimum jurisdictional limits of this Court.

99.    Plaintiff has suffered damages and Defendants have been unjustly enriched as a result of Defendants' failure to pay Plaintiff for his services.

## V.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against the Defendants as follows:

1.    As to the First Claim for Relief for Copyright Infringement against the Defendants, Plaintiff is entitled to: a. A preliminary and permanent injunction enjoining Defendants from infringing the copyrights of Plaintiff in any manner;

b.    For actual damages and profits according to proof;

COMPLAINT

EDGERTON & WEAVER, LLP
2615 Pacific Coast Hwy., Suite 300
Hermosa Beach, California 90254
Telephone: (310) 937-2066
Facsimile: (310) 937-2064
www.edgertonweaver.com

1           c.   That Defendants be required to pay to Plaintiff such damages

2   as Plaintiff has sustained in consequence of Defendants'

3   infringements of Plaintiff's copyright and to account for:

4           i.   All gains, profits, and advantages derived by Defendant

5   by his or her infringement of Plaintiff's copyright or such

6   damages as the court shall deem proper within the

7   provisions of the copyright statute, but no less than

8   $5,000,000;

9           ii.   That Defendants provide, in order to be impounded

10   during the pendency of this action, all copies of said

11   infringing work in its possession or under its control and

12   deliver up for destruction all infringing copies and all

13   materials used to make infringing copies.

14           d.   For statutory damages, costs, and attorney fees;

15           e.   For an accounting;

16           f.   For costs of suit and interest;

17           g.   For such relief as is just and proper including personal and

18   professional damages.

19       2.   As to the Second Claim for Relief against the Defendants, Plaintiff

20   asks this Court to enter judgment in his favor and against Defendants on Plaintiff's

21

COMPLAINT

second cause of action, and award special and general damages and Defendants' infringing profits thereon, plus interest;

3.    As to the Third Claim for Relief against the Defendants, Plaintiff asks this Court to enter judgment in his favor and against Defendants on Plaintiff's third cause of action, and award special and general damages and Defendants' infringing profits thereon, plus interest;

4.    As to the Fourth Claim for Relief against the Defendants, Plaintiff asks this Court to enter judgment in his favor and against Defendants on Plaintiff's fourth cause of action, and award special and general damages and Defendants' infringing profits thereon, plus interest;

5.    As to the Fifth Claim for Relief against the Defendants, Plaintiff asks this Court to enter judgment in his favor and against Defendants on Plaintiff's fifth cause of action, and award special and general damages and Defendants' infringing profits thereon, plus interest;

6.    As to the Sixth Claim for Relief against the Defendants, Plaintiff asks this Court to enter judgment in his favor and against Defendants on Plaintiff's six cause of action, and award special and general damages and Defendants' infringing profits thereon, plus interest.

7.    As to the Seventh Claim for Relief against the Defendants, Plaintiff asks this Court to enter judgment in his favor and against Defendants on Plaintiff's

EDGERTON & WEAVER, LLP
2615 Pacific Coast Hwy., Suite 300
Hermosa Beach, California 90254
Telephone: (310) 937-2066
Facsimile: (310) 937-2064
www.edgertonweaver.com

seventh cause of action, and award special and general damages and Defendants'

infringing profits thereon, plus interest.

## VI.

## <u>DEMAND FOR TRIAL BY JURY</u>

Plaintiff hereby demands a trial by jury for all issues so triable.

Dated: December 15, 2015

Respectfully submitted,

By: */s/Chad Weaver_____*
Local Counsel
Attorneys for PLAINTIFF DEAN
KING

**EDGERTON & WEAVER, LLP**
2615 Pacific Coast Hwy., Suite 300
Hermosa Beach, California 90254
Telephone: (310) 937-2066
Facsimile: (310) 937-2064
www.edgertonweaver.com

COMPLAINT