1  LOUIS P. PETRICH (State Bar No.038161)
   DONALD R. GORDON (State Bar No.089741)
2  JAMIE LYNN FRIEDEN (State Bar No. 229450)
   LEOPOLD, PETRICH & SMITH, P.C.
3  2049 Century Park East, Suite 3110
   Los Angeles, California 90067-3274
4  Tel: (310) 277-3333 • Fax: (310) 277-7444
   E-Mail: lpetrich@lpsla.com; dgordon@lpsla.com; jfrieden@lpsla.com
5
   Attorneys for Defendants
6  INDEPENDENT FILM PRODUCTIONS LIMITED
   and LUC ROEG

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| DEAN KING,<br><br>    Plaintiffs,<br><br>v.<br><br>IM GLOBAL, INDEPENDENT FILM PRODUCTIONS LIMITED dba INDEPENDENT FILM COMPANY, and LUC ROEG,<br><br>    Defendants. | **CASE NO. 2:15-cv-09646-SJO-AGRx**<br><br>**STIPULATION AND ORDER RE PROTECTIVE ORDER**<br><br>**Trial Date: January 31, 2017**<br><br>**CTRM:    1 – The Honorable**<br>**              S. James Otero** |

Plaintiff Dean King, on the one hand, and Defendants Independent Film Productions Limited, Luc Roeg, and IM Global, on the other hand (collectively, "the Parties"; individually each a "Party,") by and through their respective counsel of record, hereby stipulate as follows:

WHEREAS, the Parties hereto desire a Protective Order for the purpose of protecting their interests in the Confidential Information and/or Restricted Information that may be produced in the course of discovery, as these terms are defined below, by controlling the access to and use of such Confidential or Restricted Information, while allowing discovery of the same for the purpose of conducting this litigation and not for any other purpose outside the scope of this litigation;

NOW, THEREFORE, it is stipulated and agreed by and among the Parties hereto, through their respective counsel of record, and without waiving any claims or defenses in the above-captioned action and without acknowledging the propriety of any claim by any Party that any information produced during the course of the discovery in this action constitutes Confidential Information or Restricted Information, that in order to preserve any claim by any Party that information produced during discovery constitutes Confidential Information or Restricted Information, the following Protective Order (the "Protective Order") shall govern discovery in this action.

1. "Confidential Information" shall consist of (1) information relating to Plaintiff's processes of creation and development of the published book *Skeletons on the Zahara* (the "Book"), including but not limited to research notes, correspondence, and memoranda; and (2) other information or material that any Party considers competitively sensitive and should be so designated in order to protect it. Protection for the above-described categories of documents is required to protect and preserve the Parties' respective competitive interests and trade secrets.

2. Confidential Information in written or documentary form shall be designated as confidential material by the Party seeking protection prior to such

information being served on or delivered to any other Party or being made available for inspection and copying, with each document page stamped or marked with the word "Confidential." Confidential Information stored on computer disk and other information storage devices shall be designated as confidential by the Party seeking protection by affixing a label to the device stamped or marked with the word "Confidential." Disclosure of information inadvertently not labeled "Confidential" is governed by Paragraph 7 herein.

3. If any Party takes discovery from any third party in this case, all other Parties to the action are entitled to review and, at their election, designate such third party discovery as Confidential or Restricted pursuant to this Protective Order, in which case it shall be handled pursuant to all the terms and protections set forth herein.

4. Confidential Information may be given, shown, disclosed, made available, or communicated only to:

(a) The Parties' attorneys of record in this action (referred to herein as the "Attorneys"), including the associates, paralegals, stenographic, clerical or other support staff employees associated with the Attorneys;

(b) The Parties in this action, including, in the case of corporate Parties, their managers, officers, and directors;

(c) The Court hearing this action and that Court's personnel, stenographers or other persons involved in taking or transcribing testimony in this action;

(d) Such other persons as hereafter may be designated by written stipulation of all parties to this action, or by further Order of the Court on motion by any Party to the action, or by Subpoena for which no timely protective order is obtained pursuant to paragraph 13 below;

(e) Outside consultants or experts, and their support personnel, reasonably employed by a Party or counsel to a Party to assist counsel in the

preparation and trial of this action, but only if, before disclosure, such person executes a copy of the Consent Agreement attached hereto as Exhibit A, which shall be retained by the counsel who caused the Consent Agreement to be signed and shall be available for inspection by other counsel upon request;

(f) Any other person whose discoverable testimony during these proceedings is obtained or sought (excluding any Party or its/his agents, representatives, officers, directors, members, or employees), but only if such person executes a copy of the Consent Agreement attached hereto as Exhibit A, which the witness or the witness' counsel shall make available to any Party on request. In the event such person refuses to execute the Consent Agreement, the Parties will make a good faith effort to resolve by agreement the interests of confidentiality and the interest in third-party testimony concerning such confidential information, if possible.

(g) Any court reporter (including audio and video) involved in this action; and

(h) Experienced copying, imaging, computer services and/or litigation support services.

5. Confidential Information may further be designated "Restricted Confidential Information; For Counsel Only" by marking each document containing such information with the legend "Restricted Confidential Information: For Counsel Only," "For Counsel's Eyes Only" or "Restricted Confidential" (hereinafter referred to as "Restricted Information") in the same manner and within the same time limitations as the marking of information as "Confidential" set forth in paragraph 2 hereof. All documents or things designated as "Restricted Confidential Information: For Counsel Only," "For Counsel's Eyes Only" or "Restricted Confidential" are included within the meaning of "Confidential Information" as used in this Protective Order and all provisions of this Protective Order applying to Confidential Information shall apply to Restricted Information, except that Restricted Information shall be

given, shown, disclosed, made available, or communicated only to the persons identified in subparagraphs 4(a), 4(c), 4(d), 4(e) , 4(f), 4(g), and 4(h) above.

6. Confidential Information which may be designated as "Restricted Information" includes, but is not limited to: (1) information relating to Defendants' processes of creation and development of their unpublished and unreleased Script entitled IN SAND AND BLOOD ("the Script"), including but not limited to research notes, correspondence, memoranda and records of interviews; (2) drafts of the Script; (3) information regarding financing for the Script and any film projects based thereon; (4) information regarding financing for film projects based on the Book; (5) the financial information of any Party; and (6) any Party's operations, development processes, business plans, confidential employee information, market research studies and results, and distribution channels and procedures.  Information may be designated as "Restricted Information" by the Party from whom such information is being sought only to the extent that such information has not been publicly disseminated by the designating Party.  The Parties recognize that designation of discovery materials as Confidential Information or as Restricted Information may burden each of them in terms of discovery and trial preparation, and therefore that designation should only be used where required and must be made in good faith.  The Parties have also agreed that as discovery progresses in this action they will confer in an effort to resolve any of their differences regarding each other's designation of information as Confidential Information or as Restricted Information.

7. Except as provided in subparagraphs 4(c), 4(d), 4(e), 4(f), 4(g), or 4(h) hereof, or except pursuant to stipulation among counsel for all Parties, counsel of record retained by the Parties shall, at all times, have and maintain physical custody and control over all Confidential and Restricted Information and counsel shall make diligent efforts to ensure that such Confidential and Restricted Information does not leave their custody and is not disclosed orally.  If documents containing Confidential or Restricted Information are inadvertently or mistakenly disclosed, the Parties agree

that the disclosing Party shall promptly advise the receiving party of the disclosure and shall recall any such inadvertently disclosed Confidential or Restricted Information by making a request of the receiving party for its return. If the receiving party fails to return such Confidential or Restricted Information, the Party that designated the documents Confidential or Restricted Information may move the Court by stipulation for an Order compelling its return.

8. With respect to testimony elicited during any deposition before trial, whenever counsel for any Party deems that any question or line of questioning calls for or will result in the disclosure of information which should be treated as Confidential Information or Restricted Information, said counsel may designate on the record prior to such disclosure, or promptly thereafter, that such testimony is Confidential Information or Restricted Information. In the event that Confidential or Restricted Information is to be disclosed at such deposition, each person personally in attendance at such deposition and who is not the witness being examined or is not entitled pursuant to this Protective Order to have access to the Confidential or Restricted Information shall be excluded from those portions of the proceeding during which Confidential or Restricted Information designated by another Party is to be disclosed, provided, however, that the Parties in this action shall not be excluded from any proceeding in which such Confidential or Restricted Information is disclosed.

9. Any portion of a deposition or other transcript that has been designated as including Confidential Information or Restricted Information shall be so marked, shall be separately bound, and shall be subject to the provisions of this Protective Order pertaining to, respectively, Confidential Information and Restricted Information. If any portion of a transcript or any exhibit to a transcript that has been designated as Confidential Information or Restricted Information is filed with the Court, it shall be filed in accordance with the terms and procedures of Local Rule 79-5 and Judge Otero's specified procedures.

10. No person, firm, corporation or other entity subject to this Protective Order, shall use Confidential Information or Restricted Information in any manner whatsoever except for the prosecution, defense, settlement or appeal of this action. Nor shall any person, firm, corporation or other party subject to this Protective Order give, show, disclose, make available or communicate Confidential Information or Restricted Information to any person, firm, corporation or other entity not expressly authorized by this Protective Order to receive such Confidential Information or Restricted Information. The attorneys for the parties to this action shall make the terms of this Protective Order known to all other persons bound by this Protective Order. Nothing in this Protective Order shall preclude any Party from utilizing information that it presently possesses or which comes into its possession outside of the discovery process in this action. Any such use of such information shall not constitute a violation of this Protective Order. Each Party retains the right to pursue any claim or defense it may have against any other Party arising from the unauthorized use of Confidential Information or Restricted Information.

11. Any Party or counsel for a Party who, in the course of a deposition, seeks to introduce, use or otherwise refer to a document or thing that has previously been designated Confidential Information, shall advise counsel present (and, if relevant, the Court) immediately in advance of such intended introduction, use or reference, and, unless the Court orders otherwise, shall treat the document or thing in accordance with the provisions of this Protective Order relating to Confidential Information or Restricted Information, depending on the designation of such document or thing.

12. Designation of documents as Confidential Information and Restricted Information does not necessarily entitle the Parties to have such documents filed under seal. The Parties' rights and obligations with respect to the filing and sealing of documents containing or designated as Confidential Information and Restricted Information shall be governed by the terms and procedures of Local Rule 79-5 and

Judge Otero's procedures, including those listed on his page on the Central District of California's website and on his Initial Standing Order, paragraph 28.

13. In the event that a Party is served with a subpoena by any person, firm, corporation, or other entity who is not a Party to this Stipulation and which seeks to compel the production of Confidential Information and/or Restricted Information, the Party upon whom the subpoena is served shall give written notice of the subpoena to the Party who has asserted the Confidential Information and/or Restricted Information designation at least seven (7) calendar days before the production [or, if less than seven (7) calendar days are provided for the production, within one business day after service of the subpoena but in no event after the date for production]. The Party who has initially designated the Confidential Information and/or Restricted Information may seek a Court Order to quash the subject subpoena and/or obtain such other relief as will protect the Confidential or Restricted Information. Should such a motion be filed, the moving Party shall serve a copy of the Motion, by hand-delivery and e-mail, upon the Party that received the subpoena, and if the Motion is filed before the requested production date, the Party upon whom the subpoena is served shall not deliver the subject documents until after such time as the Court rules on the subject motion. Should an Order be obtained, the Party upon whom the subpoena is served shall comply with the Order. Should no motion be filed before the scheduled production date, the Party upon whom the subpoena is served may comply with the subpoena.

14. This Protective Order and the procedures set forth herein shall not affect the rights of the Parties to move to compel discovery or to object to discovery on any grounds, including relevancy, trade secret or proprietary business information grounds, nor shall it preclude any Party from seeking further relief or protective orders from the Court as may be appropriate under the Federal Rules of Civil Procedure or any other applicable statute, rule or authority.

15. This Protective Order shall be without prejudice to the right of the Parties (a) to bring before the Court at any time the question of whether any particular document or information constitutes Confidential Information or Restricted Information, or (b) to present a motion to the Court for a separate or modified protective order as to any particular document or information, including restrictions differing from those as specified herein. This Protective Order does not reflect any stipulation or order that any information designated Confidential Information or Restricted Information is or is not in fact a trade secret. This Protective Order shall not be deemed to prejudice the Parties in any way in any future application or modification of this Protective Order. The Parties agree to seek the resolution of any disputes regarding the propriety of any designation of information as Confidential Information or Restricted Information. If the Parties and their counsel through the meet and confer process are unable to arrive at a resolution, the Parties shall promptly seek the Court's resolution. If any such disputes arise during the course of a deposition, the Parties shall temporarily recess the deposition and meet and confer at that time to attempt to resolve the dispute.

16. At the election of any Party who produced Confidential Information, within thirty (30) days after the last day for the filing of a notice of appeal of the final decision in this matter, with no such notice of appeal having been filed, each Party either shall destroy all Confidential Information (including Restricted Information) in its possession and which was produced by another Party, and all documents and other things containing or reflecting Confidential Information or Restricted Information produced by another Party (including, without limitation, any copies and any and all originals and copies of extracts, summaries, analyses or notes thereof), and provide written certification under oath to the producing party to that effect, or shall deliver all such Confidential Information, Restricted Information and documents and other things to counsel for the Party or Parties from whom said Confidential Information or Restricted Information was obtained.

17. After this Action has terminated, the Court shall retain jurisdiction to enforce the provisions of this Protective Order and to make such amendments, modifications and additions to this Protective Order as the Court may from time-to-time deem appropriate. Nothing in this Protective Order restricts or is intended to restrict the use or admission at trial of Confidential Information or Restricted Information.

18. All signatories listed, and on whose behalf the filing is submitted, concur in this filing's content and have authorized the filing.

DATED: April 27, 2016                    /s/Chad Weaver
                                         CHAD WEAVER
                                         MEGAN HAYATI
                                         EDGERTON AND WEAVER, LLP
                                         Attorneys for Plaintiff
                                         DEAN KING

DATED: April 27, 2016                    /s/Kevin O'Hagan
                                         KEVIN M. O'HAGAN
                                         O'HAGAN LLC
                                         One East Wacker Drive, Suite 3400
                                         Chicago, Illinois 60601
                                         Attorneys for Plaintiff
                                         DEAN KING

DATED: April 27, 2016                    /s/Brittany J. Shugart
                                         MARVIN GELFAND
                                         BRITTANY J. SHUGART
                                         WEINTRAUB TOBIN CHEDIAK
                                         COLEMAN GRODIN LAW
                                         CORPORATION
                                         Attorneys for Defendant
                                         IM GLOBAL

| | |
|---|---|
| DATED:  April 27, 2016 | /s/Jamie Lynn Frieden |
| | LOUIS P. PETRICH |
| | DONALD R. GORDON |
| | JAMIE LYNN FRIEDEN |
| | LEOPOLD, PETRICH & SMITH, P.C. |
| | Attorneys for Defendants |
| | INDEPENDENT FILM PRODUCTIONS |
| | LIMITED and LUC ROEG |

1
2 **ORDER**
3    IT IS SO ORDERED.
4
5  Dated  April 27, 2016
    *Alicia G. Rosenberg*
6  _____
   Honorable Alicia G. Rosenberg
7  United States District Court Magistrate Judge
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# **EXHIBIT A**
# **Consent Agreement**

UNDERTAKING OF _____

I, _____, declare:

1. I have received a copy of the Stipulation Re Protective Order entered in *Dean King v. IM Global, Independent Film Productions Limited dba Independent Film Company, and Luc Roeg*, Case No. CV-15-096646 SJO (AGRx). I have carefully read and understand all of the provisions of the Stipulation Re Protective Order.

2. I agree to be bound by all of the provisions of the Stipulation Re Protective Order. I will hold in confidence, will not disclose to anyone other than those persons specifically authorized by the Stipulation Re Protective Order, and will not copy or use except for purposes of this action, any information designated "Confidential " or "Restricted" which I receive in this action.

3. I hereby consent to the jurisdiction of the Court in this matter for the purpose of enforcing the Stipulation Re Protective Order.

Executed this \_\_\_ day of _____, 20\_\_, at _____ _____.

By: _____