1  LOUIS P. PETRICH (State Bar No.038161)
   DONALD R. GORDON (State Bar No.089741)
2  JAMIE LYNN FRIEDEN (State Bar No. 229450)
   LEOPOLD, PETRICH & SMITH, P.C.
3  2049 Century Park East, Suite 3110
   Los Angeles, California 90067-3274
4  Tel:  (310) 277-3333 • Fax: (310) 277-7444
   E-Mail:  lpetrich@lpsla.com; dgordon@lpsla.com; jfrieden@lpsla.com

5

6  Attorneys for Defendants
   INDEPENDENT FILM PRODUCTIONS LIMITED and
7  LUC ROEG

8
                    UNITED STATES DISTRICT COURT
9
                   CENTRAL DISTRICT OF CALIFORNIA
10
                          WESTERN DIVISION
11

12  DEAN KING,                        CASE NO. 2:15-cv-09646-SJO-AGRx
13              Plaintiffs,
                                      DEFENDANTS INDEPENDENT
14  v.                                FILM PRODUCTIONS LIMITED
                                      AND LUC ROEG'S NOTICE OF
15  IM GLOBAL, INDEPENDENT FILM       MOTION AND MOTION FOR
    PRODUCTIONS LIMITED dba           AWARD OF REASONABLE
16  INDEPENDENT FILM COMPANY, and     ATTORNEYS' FEES AND COSTS
    LUC ROEG,                         UNDER SECTION 505 OF THE
17                                    COPYRIGHT ACT, FEDERAL
                Defendants.           RULE OF CIVIL PROCEDURE
18                                    54(d) AND LOCAL RULE 54-10;
                                      MEMORANDUM OF POINTS AND
19                                    AUTHORITIES IN SUPPORT
                                      THEREOF
20
                                      Hearing
21                                    Date:    January 30, 2017
                                      Time:    10:00 a.m.
22                                    Ctrm:    10C - The Honorable Judge
                                                  S. James Otero
23

24

25

26

27

28

38734.docx

To Plaintiff Dean King and to his attorneys of record:

PLEASE TAKE NOTICE that on January 30, 2017 at 10:00 a.m. or as soon thereafter as the matter may be heard in Department 10C of the above-entitled Court, located at 350 W. 1st Street, Los Angeles, California 90012, U.S. District Judge S. James Otero presiding.

Defendants Independent Film Productions Limited and Luc Roeg ("Defendants") will move this Court for recovery against Plaintiff Dean King ("Plaintiff") of Defendants' reasonable attorneys' fees and costs in the amount of $103,702.67. This motion is made following conference of counsel pursuant to Local Rule 7-3, which took place on November 21, 2016.

The Motion is made pursuant to 17 U.S.C. § 505, Federal Rule of Civil Procedure 54(d) and Local Rule 54-10 on the grounds that:

Defendants are the prevailing parties in this copyright infringement action, a Judgment of dismissal with prejudice having been entered in Defendants' favor and against Plaintiff on November 8, 2016; and

Defendants are entitled to an award of reasonable attorneys' fees under 17 U.S.C. § 505 because such an award would advance the purposes of the Copyright Act. Defendants had a high degree of success on the claim; Plaintiff's claim was frivolous; Plaintiff's claim was objectively unreasonable; Plaintiff's motivation in bringing the lawsuit was in bad faith; and a fee award would advance considerations of compensation and deterrence.

//

//

//

//

//

DEFENDANTS INDEPENDENT FILM PRODUCTIONS LIMITED AND LUC ROEG'S  NOTICE OF
MOTION AND MOTION FOR AWARD OF REASONABLE ATTORNEYS' FEES AND COSTS, ETC.

38734.docx

1         This Motion is based upon the attached Memorandum of Points and Authorities
2    and accompanying Declaration of Louis P. Petrich in support thereof, the pleadings,
3    records and files in this action, and on such oral argument as may be presented at the
4    hearing of this Motion.

5
6    DATED:  November 22, 2016                _____/s/ Louis P. Petrich_____
7                                          LOUIS P. PETRICH
                                           DONALD R. GORDON
8                                          JAMIE LYNN FRIEDEN
                                           LEOPOLD, PETRICH & SMITH, P.C.
9                                          Attorneys for Defendants
                                           INDEPENDENT FILM PRODUCTIONS
10                                         LIMITED and LUC ROEG

11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

DEFENDANTS INDEPENDENT FILM PRODUCTIONS LIMITED AND LUC ROEG'S  NOTICE OF
MOTION AND MOTION FOR AWARD OF REASONABLE ATTORNEYS' FEES AND COSTS, ETC.

38734.docx

# **TABLE OF CONTENTS**

Page

I.  INTRODUCTION ...................................................................................... 1

II.  FACTUAL BACKGROUND ..................................................................... 1

III.  AS THE PREVAILING PARTY IN A COPYRIGHT INFRINGEMENT ACTION, DEFENDANTS ARE ENTITLED, IN THE COURT'S DISCRETION, TO AN AWARD OF ALL REASONABLE ATTORNEYS' FEES ...................................................................................... 2

    A.  Defendants' Entitlement To An Award Of Attorneys' Fees ............... 2

    B.  An Award Of Fees Would Foster The Copyright Act's Objectives .... 3

    C.  Defendants Had A High Degree Of Success ...................................... 3

    D.  Plaintiff's Claim Was Frivolous ........................................................ 4

    E.  Plaintiff Was Motivated By Bad Faith .............................................. 4

    F.  Plaintiff's Claim Was Objectively Unreasonable .............................. 6

    G.  An Award Of Fees Would Advance Considerations Of Compensation And Deterrence ....................................................... 7

IV.  THE AMOUNT OF ATTORNEYS' FEES DEFENDANT SEEKS IS REASONABLE ......................................................................................... 8

    A.  The Relevant Factors ......................................................................... 9

V.  CONCLUSION ........................................................................................ 13

i

DEFENDANTS INDEPENDENT FILM PRODUCTIONS LIMITED AND LUC ROEG'S NOTICE OF
MOTION AND MOTION FOR AWARD OF REASONABLE ATTORNEYS' FEES AND COSTS, ETC.

38734

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*A Slice of Pie Prods. LLC v. Wayans Brothers Entertainment,*
    487 F.Supp.2d 41 (D. Conn. 2007) ................................................................. 13

*Aguilar v. Universal City Studios, Inc.,*
    174 Cal.App.3d 384 (1985) ............................................................................ 13

*AMPAS v. Creative House,*
    944 F.2d 1446 (9th Cir. 1991) ....................................................................... 12

*Apple Computer, Inc. v. Microsoft Corp.,*
    35 F.3d 1435 (9th Cir. 1994) ........................................................................... 4

*Baker v. Urban Outfitters, Inc.,*
    431 F. Supp. 2d 351 (S.D.N.Y. 2006) ............................................................. 8

*Baxter v. MCA Inc.,*
    812 F.2d 421 (9th Cir. 1987) ......................................................................... 12

*Berkic v. Crichton,*
    761 F.2d 1289 (9th Cir. 1985) ....................................................................... 12

*Bernal v. Paradigm Talent Agency,*
    788 F.Supp.2d 1043 (C.D. Cal. 2010) ........................................................... 12

*Broadcast Music, Inc. v. McDade & Sons, Inc.,*
    928 F.Supp.2d 1120 (D. Az. 2013) .................................................................. 7

*Campbell v. Walt Disney Co.,*
    718 F.Supp.2d 1108 (C.D. Cal. 2010) ........................................................... 12

*City of Burlington v. Dague,*
    505 U.S. 557, 112 S.Ct. 2638, 120 L.Ed.2d 449 (1992) .................................. 10

*Cooling Systems and Flexibles v. Stuart Radiator,*
    777 F.2d 485 (9th Cir. 1985), overruled on other grounds .............................. 4

*Corbello v. DeVito,*
    832 F.Supp.2d 1231 (D. Nev. 2011) .............................................................. 13

38734

*Curtis v. Illumination Arts, Inc.*,
   33 F. Supp. 3d 1200 ........................................................................ 10

*Dath v. Sony Computer Entertainment America, Inc.*,
   653 F.3d 898 (9th Cir. 2011)........................................................... 12

*DuckHole Inc. v. NBCUniversal Medial LLC*,
   2013 WL 5797204 (Oct. 25, 2013) ............................................... 5, 7

*Effects Associates, Inc. v. Cohen*,
   908 F.2d 555 (9th Cir. 1990)........................................................... 12

*Fantasy, Inc. v. Fogerty*,
   94 F.3d 553 (9th Cir. 1996).................................................... 3, 4, 13

*Feist Publications, Inc. v. Rural Tel. Serv. Co.*,
   499 U.S. 340, 111 S. Ct. 1282, 113 L. Ed. 2d 358 (1991).................. 6

*Ferguson v. NBC, Inc.*,
   584 F.2d 111 (5th Cir. 1978)............................................................ 13

*Fogerty v. Fantasy, Inc.*,
   510 U.S. 517, 114 S.Ct. 1023, 127 L.Ed.2d 455 (1994)............. 1, 2, 3

*Followay Productions v. Maurer*,
   603 F.2d (9th Cir. 1979)................................................................. 12

*Franklin v. Cannon Films, Inc.*,
   654 F.Supp. 133 (C.D. Cal. 1987) ................................................. 12

*Glass v. Sue*,
   No. CIV 11-07098-AB (SHX), 2011 WL 561028 (C.D. Cal. Feb 8,
   2011)................................................................................................. 4

*Harper House, Inc. v. Thomas Nelson Publishers, Inc.*,
   889 F.2d 197 (9th Cir. 1989)......................................................... 12

*Harter v. Disney Enterprises, Inc.*,
   2012 WL 4324417 (E.D.Mo. 2012)................................................ 13

*Historical Research v. Cabral*,
   80 F.3d 377 (9th Cir. 1996)............................................................ 3

*Houts v. Universal City Studios, Inc.*,
   603 F.Supp. 26 (C.D. Cal. 1984) .................................................... 12

DEFENDANTS INDEPENDENT FILM PRODUCTIONS LIMITED AND LUC ROEG'S  NOTICE OF
MOTION AND MOTION FOR AWARD OF REASONABLE ATTORNEYS' FEES AND COSTS, ETC.

38734

*Idema v. DreamWorks, Inc.*,
  162 F.Supp.2d 1129 (C.D. Cal. 2001) , *aff'd*, 90 Fed Appx. 496 (9th
  Cir. 2003) ......................................................................................... 12

*In re Marvel Entertainment Group, Inc.*,
  254 B.R. 817 (D. Del. 2000)................................................................. 13

*Kerr v. Screen Extras Guild, Inc.*,
  526 F.2d 67 (9th Cir. 1975)................................................................... 10

*Kightlinger v. White*,
  2009 WL 4022193 (Cal.App. Nov. 23, 2009) ...................................... 13

*Kirtsaeng v. John Wiley & Sons, Inc.*,
  ___ U.S. ____, 136 S.Ct. 1979 (2016).................................................. 6

*Klekas v. EMI Films, Inc.*,
  150 Cal.App.3d 1102 (1984)................................................................. 13

*Landon v. Twentieth Century-Fox Film Corp.*,
  384 F.Supp. 450 (S.D.N.Y. 1974)........................................................ 13

*Lassiter v. Twentieth Century Fox Film Corp.*,
  288 Fed. Appx. 194 (9th Cir. 2007) ..................................................... 12

*Litchfield v. Spielberg*,
  736 F.2d 1352 (9th Cir. 1994).............................................................. 12

*Lutz v. De Laurentiis*,
  211 Cal.App.3d 1317 (1989)................................................................. 13

*Magnuson v. Video Yesteryear*,
  85 F.3d 1424 (9th Cir. 1996)................................................................. 3

*Maljack Productions, Inc. v. GoodTimes Home Video Corp.*,
  81 F.3d 881 (9th Cir. 1996)........................................................... 5, 7, 8

*Mann v. Columbia Pictures, Inc.*,
  128 Cal.App.3d 628 (1982)................................................................... 13

*Mattel, Inc. v. MGA Entertainment, Inc.*,
  705 F.3d 1108 (9th Cir. 2013)("*Mattel*").......................................... 4, 8, 9

*Mattel v. MGA Entertainment, Inc.*,
  2011 WL 3420603 (C.D. Cal. Aug. 4, 2010)......................................... 9

iv

DEFENDANTS INDEPENDENT FILM PRODUCTIONS LIMITED AND LUC ROEG'S  NOTICE OF
MOTION AND MOTION FOR AWARD OF REASONABLE ATTORNEYS' FEES AND COSTS, ETC.

38734

*Merrill v. Paramount Corp.*,
    78 USPQ 2d 1192 (C.D. Cal. 2005) ................................................................ 12

*Meta-Film Assoc. Inc. v. MCA Inc.*,
    586F.Supp. 1346 (C.D. Cal. 1984) .............................................................. 12

*Metcalf v. Bochco*,
    200 Fed. Appx. 635 (9th Cir. 2006) ........................................................... 12

*Metcalf v. Bochco*,
    294 F.3d 1069 (9th Cir. 2002) .................................................................. 12

*Miller v. Universal City Studios, Inc.*,
    650 F.2d 1365 (5th Cir. 1981) .................................................................. 13

*Muller v. Twentieth Century Fox Film Corp.*,
    794 F.Supp.2d 429 (S.D.N.Y 2011) *aff'd* 501 Fed.Appx. 81 (2nd Cir.
    2012) .................................................................................................... 13

*Murray Hill Publications, Inc. v. Twentieth Century-Fox Film
Corporation*,
    361 F.3d 312 (6th Cir. 2004) .................................................................... 13

*Novelty Textile Inc. v. Wet Seal Inc.*,
    2015 WL 9690316 (C.D. Cal. March 4, 2015) ........................................... 9

*Olson v. NBC, Inc.*,
    855 F.2d 1446 (9th Cir. 1988) .................................................................. 12

*Overman v. Universal City Studios, Inc.*,
    605 F.Supp. 350 (C.D. Cal. 1984), *aff'd w/o opin.*, 767 F.2d 933 (9th
    Cir. 1985) ............................................................................................... 12

*Perfect 10, Inc. v. Giganews, Inc.*,
    2015 WL 1746484 (C.D. Cal. March 24, 2015) ......................................... 4

*S.O.S., Inc. v. Payday, Inc.*,
    886 F.2d 1081 (9th Cir. 1989) .................................................................. 12

*Scott v. Meyer*,
    2010 WL 2569286 at *3 (C.D. Cal. June 21, 2010) ................................... 8

*Self-Realization Fellowship Church v. Ananda Church of Self-
Realization*,
    206 F.3d 1322 (9th Cir. 2000) .................................................................. 12

DEFENDANTS INDEPENDENT FILM PRODUCTIONS LIMITED AND LUC ROEG'S NOTICE OF
MOTION AND MOTION FOR AWARD OF REASONABLE ATTORNEYS' FEES AND COSTS, ETC.

38734

*Shaw v. Lindheim,*
 809 F.Supp. 1393 (C.D. Cal. 1992) ................................................................ 12

*Shaw v. Lindheim,*
 919 F.2d 1353 (9th Cir. 1990) ........................................................................ 12

*SOFA Entertainment, Inc., v. Dodger Productions, Inc.,*
 709 F.3d 1273 (9th Cir. 2013) ("*SOFA*") .............................................. 3, 6, 12

*Stewart v. Abend,*
 495 U.S. 207 (1990), (9th Cir. 1988) .............................................................. 12

*Subafilms, Ltd. v. MGM-Pathe Communications Co.,*
 24 F.3d 1088 (9th Cir. 1994) (en banc) .......................................................... 12

*The Traditional Cat Ass'n v. Gilbreath,*
 340 F.3d 829 (9th Cir. 2003) .............................................................................. 9

*Twentieth Century-Fox Film Corp. v. MCA Inc.,*
 715 F.2d 1327 (9th Cir. 1983) ........................................................................ 12

*Universal City Studios, Inc. v. Nintendo Co., Ltd.,*
 615 F.Supp. 838 (S.D.N.Y. 1985), aff'd, 797 F.2d 70 (2d Cir. 1986) .............. 13

*Valentine v. CBS, Inc.,*
 698 F.2d 430 (11th Cir. 1983) ........................................................................ 13

*West v. Perry,*
 2009 WL 2225569 (E.D. Tex. July 23, 2009), *aff'd* 2010 WL 3303752
 (5th Cir. Aug. 23, 2010) ................................................................................ 13

*Weygand v. CBS, Inc.,*
 43 USPQ2d 1120 (C.D. Cal. 1997) ................................................................ 12

**Statutes**

17 U.S.C. § 505 ............................................................................................. passim

28 U.S.C. § 1961 .................................................................................................. 10

**Other Authorities**

4 *Nimmer*, § 14.10[C], 14-210 .......................................................................... 13

DEFENDANTS INDEPENDENT FILM PRODUCTIONS LIMITED AND LUC ROEG'S NOTICE OF
MOTION AND MOTION FOR AWARD OF REASONABLE ATTORNEYS' FEES AND COSTS, ETC.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

Without having ever read Defendant Independent Film Productions Limited's ("Independent's") script, "In Sand and Blood" ("Script"), Plaintiff filed a copyright infringement action, along with six other claims, alleging Defendants Independent and Luc Roeg ("Roeg") (collectively, "Defendants") infringed his copyright in his Book, "Skeletons On The Zahara" ("Book" or "*Skeletons*").

Having prevailed against Plaintiff's baseless claims, including copyright, Defendants now seek an award of $103,702.67 for reimbursement of the reasonable attorneys' fees and costs they incurred.  The standards approved by the United States Supreme Court and the Ninth Circuit for the award of fees to prevailing parties in copyright infringement actions include consideration of frivolousness, motivation, objective unreasonableness (both in the factual and the legal sense), the need in particular circumstances to advance considerations of compensation and deterrence, the degree of success obtained, and the purposes of the Copyright Act.  *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 n.19, 114 S.Ct. 1023, 127 L.Ed.2d 455 (1994).

### II.   FACTUAL BACKGROUND

Plaintiff filed his baseless copyright infringement Complaint on December 15, 2015 and his First Amended Complaint on January 6, 2016, knowing the seven alleged claims were without merit.  Defendants filed a Motion for Summary Judgment on August 16, 2016.  Plaintiff's Opposition only addressed three of the seven claims, conceding four.  Notably, one of the claims conceded by Plaintiff was the claim for copyright infringement.  On November 8, 2016 the Court issued an Order Granting Defendants' Motion in its entirety, and a Judgment against Plaintiff on all claims. Defendants now should be awarded their reasonable fees and costs incurred to defend against Plaintiff's frivolous lawsuit.

DEFENDANTS INDEPENDENT FILM PRODUCTIONS LIMITED AND LUC ROEG'S  NOTICE OF
MOTION AND MOTION FOR AWARD OF REASONABLE ATTORNEYS' FEES AND COSTS, ETC.

38734

## III.   AS THE PREVAILING PARTY IN A COPYRIGHT INFRINGEMENT ACTION, DEFENDANTS ARE ENTITLED, IN THE COURT'S DISCRETION, TO AN AWARD OF ALL REASONABLE ATTORNEYS' FEES

### A.   Defendants' Entitlement To An Award Of Attorneys' Fees

Congress has seen fit to permit fee shifting in cases brought under the 1976 Copyright Act: "[T]he court in its discretion may allow the recovery of full costs [and] may also award a reasonable attorneys' fee to the prevailing party …" 17 U.S.C. § 505.[1]

In 1994 the Supreme Court decided the *Fogerty v. Fantasy* case and articulated the standard for awarding attorney's fees in a copyright case:

> Prevailing plaintiffs and prevailing defendants are to be treated alike, but attorney's fees are to be awarded to prevailing parties only as a matter of the court's discretion.

> "There is no precise rule or formula for making these determinations," but instead equitable discretion should be exercised "in light of the considerations we have identified."

510 U. S. at 534, quoting *Hensley v. Eckerhart*, 461 U. S. 424, 436-437, 103 S. Ct. 1993, 76 L. Ed. 2d 40 (1983).

In the final footnote of its Opinion, *Fogerty* enumerated "several nonexclusive factors to guide courts' discretion . . . includ[ing] 'frivolousness, motivation, objective unreasonableness (both in the factual and the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence.'" 510 U. S. at 534 n. 19 (internal citation omitted).

In the post-*Fogerty* era, the Ninth Circuit has stated that the "most important factor in determining whether to award fees under the Copyright Act, is whether an award will further the purposes of the Act." *SOFA Entertainment, Inc., v.*

---

[1] The statute provides that the award is made "as part of the costs." 17 U.S.C § 505.

2

38734

*Dodger Productions, Inc.*, 709 F.3d 1273, 1280 (9th Cir. 2013) ("*SOFA*"), quoting *Mattel, Inc. v. MGA Entertainment, Inc.*, 705 F.3d 1108, 1111 (9th Cir. 2013)("*Mattel*").

### B.   An Award Of Fees Would Foster The Copyright Act's Objectives

The Ninth Circuit has emphasized that, in considering motions for attorneys' fees under Section 505, the District Court should "seek to promote the Copyright Act's objectives." *Historical Research v. Cabral*, 80 F.3d 377, 378-79 (9th Cir. 1996); *Magnuson v. Video Yesteryear*, 85 F.3d 1424 (9th Cir. 1996). "The primary objective of the Copyright Act is to encourage the production of original literary, artistic, and musical expression for the good of the public." *Fogerty*, 510 U.S. at 524, 527. Indeed, faithfulness to the Act's purposes is a pivotal criterion. *Id.* at 526-527. Based on these directives, the *Fogerty* District Court on remand awarded attorneys' fees and expenses to "prevailing" defendant Fogerty in the amount of $1,347,519.15, and the Ninth Circuit affirmed. *Fogerty*, 94 F.3d 553.

Here, Defendants' successful defense of Independent's Script furthered the policies of the Copyright Act by illustrating that historical facts and public domain memoirs can and should be drawn upon to make new expressive works that would bring their stories to the public. Only concrete original expression, and not ideas or historical facts are protectable, thereby supporting the continued exploitation of history in Independent's Script. Similar to the *SOFA* case, which found fair use in the *Jersey Boys* musical of a clip from the Ed Sullivan show, "lawsuits of this nature…have a chilling effect on creativity insofar as they discourage the fair use of existing works in the creation of new ones." *SOFA*, 709 F.3d at 1280. Thus, requiring Plaintiff to reimburse Defendants for their reasonable attorneys' fees would promote and be "faithful to the purposes of the Copyright Act."

### C.   Defendants Had A High Degree Of Success

One of the factors that may be considered when awarding fees is Defendants' degree of success. *Fogerty*, 94 F.3d at 559. While this Court has ruled that, "[a]t its

38734

1  core, this case is a copyright infringement action," Plaintiff did not bother to even

2  dispute Defendants' well-reasoned arguments explaining why Plaintiff's copyright

3  claim fails. Doc. 74, p. 2 and p. 2 n.2. Defendants argued against Plaintiff's copyright

4  claim on the merits, not on technicalities. *See Fogerty*, 94 F.3d at 556. They also

5  prevailed against all of the rest of Plaintiff's claims. Their success weighs towards an

6  award of attorneys' fees.

7

8  **D.   Plaintiff's Claim Was Frivolous**

9      Although a copyright defendant no longer has to show that plaintiff's claim was

10  frivolous or made in bad faith in order to be entitled to fees, these factors still weigh in

11  favor of Defendants. *Mattel*, 705 F.3d at 1111. A case is frivolous when the result is

12  obvious or the arguments are wholly without merit. *Glass v. Sue*, No. CIV 11-07098-

13  AB (SHX), 2011 WL 561028 at *3 (C.D. Cal. Feb 8, 2011); *Cooling Systems and*

14  *Flexibles v. Stuart Radiator*, 777 F.2d 485, 490-93 (9th Cir. 1985), overruled on other

15  grounds by *Apple Computer, Inc. v. Microsoft Corp.*, 35 F.3d 1435, 1448 (9th Cir.

16  1994) (affirming award of fees based on bad faith and frivolousness where Plaintiffs'

17  suit based largely on unprotectable ideas).   Here, Plaintiff did not even address

18  Defendants' copyright claim once they made their Motion for Summary Judgment.

19  While one can only speculate as to his reasoning, clearly he thought, and knew that

20  the result ("no infringement") was obvious and his copyright claim was wholly

21  without merit.

22

23  **E.   Plaintiff Was Motivated By Bad Faith**

24      As with culpability, although bad faith is no longer considered mandatory for an

25  award of fees, it may be considered. *Fogerty*, 94 F.3d at 558; *Perfect 10, Inc. v.*

26  *Giganews, Inc.*, 2015 WL 1746484 at * 9-11 (C.D. Cal. March 24, 2015) (Plaintiff

27  had improper motivation when it was in the business of litigation and not suing to

28  protect its copyright); *Maljack Productions, Inc. v. GoodTimes Home Video Corp.*, 81

38734

1   F.3d 881, 889 (9th Cir. 1996) (improper motivation when party uses action to secure a

2   competitive advantage when defendant's movie release could be stopped with a threat

3   of a lawsuit, because defendant wouldn't want the risk); *DuckHole Inc. v.*

4   *NBCUniversal Medial LLC*, 2013 WL 5797204 at *4 n.4 (Oct. 25, 2013) (Plaintiff

5   should have understood the potential consequences for pursuing a meritless claim for

6   copyright infringement).

7         Here, Plaintiff based his infringement claim on "information and belief" that

8   Independent's Script was similar to his Book. FAC, Doc. 12, p. 14 ¶ 41. He alleged

9   publications, including *Variety* magazine, had tied Russell Crowe to a movie based on

10   Independent's Script and after this publication was when he filed his lawsuit. Id. at ¶¶

11   38, 41.  Plaintiff alleged he would confirm his belief through discovery, yet Plaintiff

12   did not serve discovery until after Defendants filed their motion. Id.; Petrich Decl., ¶

13   24.  Plaintiff admitted he had never read any of Independent's Scripts after Plaintiff's

14   and Independent's Option Agreement expired.  Petrich Decl., ¶ 24. Yet, he

15   nevertheless brought this action despite the well-known tenet of copyright law that

16   historical facts are not subject to copyright and despite the fact that, because of his

17   prior business dealings with Defendants, Plaintiff knew the Script Defendants

18   intended to make would be based on public domain memoirs published in 1817, just

19   as Plaintiff's Book was. Plaintiff, or at least his counsel, also knew from the outset

20   that Defendants would seek attorneys' fees based on a meritless copyright claim by

21   Plaintiff, as Defendants wrote a letter to Plaintiff in December 2015, when the

22   Complaint was filed but Defendants had not even been served yet. Petrich Decl., ¶ 23,

23   Ex. B.  Further, as a published author with entertainment savvy counsel, Plaintiff

24   knew that a lawsuit such as this would stand in the way of In Sand and Blood being

25   developed. Defendants were forced to make a Motion for Summary Judgment, which

26   Plaintiff did not even bother opposing on the copyright claim.  Plaintiff's bad faith

27   weighs for an award of attorneys' fees.

28

38734

### F.  Plaintiff's Claim Was Objectively Unreasonable

Even though objective reasonableness is no longer a prerequisite for a fee award to a prevailing defendant, Plaintiff's claim in this case was objectively unreasonable, presenting a further basis for awarding fees to Defendants. *SOFA*, 709 F.3d at 1280; *see also Kirtsaeng v. John Wiley & Sons, Inc.*, ___ U.S. ___, 136 S.Ct. 1979, 1989 (2016) (a district court should give substantial weight to the objective reasonableness of the losing party's position, but should also take into account all other relevant factors).

It is respectfully submitted that Plaintiff's claim was frivolous, as Plaintiff did not even respond to Defendants' Motion for Summary Judgment, but even if it were only unreasonable, this would still warrant an award of attorneys' fees to Defendants.

Plaintiff proceeded largely on a "sweat of the brow" theory, but the Copyright Act does not allow recovery on this theory:

> It may seem unfair that much of the fruit of the compiler's labor may be used by others without compensation. As Justice Brennan has correctly observed, however, this is not "some unforeseen byproduct of a statutory scheme." It is, rather, "the essence of copyright," and a constitutional requirement. The primary objective of copyright is not to reward the labor of authors, but "[t]o promote the Progress of Science and useful Arts." To this end, copyright assures authors the right to their original expression, but encourages others to build freely upon the ideas and information conveyed by a work.

*Feist Publications, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 349–50, 111 S. Ct. 1282, 1289–90, 113 L. Ed. 2d 358 (1991) (internal citations omitted).

Similarly, as this Court noted regarding the Ninth Circuit extrinsic test with regards to Plaintiff's claim for breach of implied-in-fact contract, Plaintiff provided only a single example of an alleged comparison between his Book and the Script, thereby failing to provide evidence sufficient to support a taking under the extrinsic test. Doc. 74, p. 6-7.

Indeed, given the utter lack of merit to Plaintiff's action, it is only fair that Plaintiff, and not Defendants, bear the full costs, including Defendants' attorneys'

38734

1  fees, that Plaintiff forced Defendants to incur to defend against his objectively

2  unreasonable FAC.  *See, e.g., Maljack Prod., Inc. v. Goodtime Home Video Corp.,* 81

3  F.3d 881, 889-90 (9th Cir. 1996) (affirming award of fees where Plaintiffs' claims

4  "factually unreasonable"); *DuckHole,* 2013 WL at *2-3 (finding objectively

5  unreasonable plaintiff's arguments that protectable elements were substantially similar

6  and that an unprotectable idea could support a copyright infringement claim).

7

8  **G.    An Award Of Fees Would Advance Considerations Of Compensation**

9        **And Deterrence**

10      Fees are proper under Section 505 when either successful prosecution or

11  successful defense of the action furthers the purposes of the Copyright Act. *Broadcast*

12  *Music, Inc. v. McDade & Sons, Inc.,* 928 F.Supp.2d 1120, 1135 (D. Az. 2013).  The

13  court must remain faithful to the purposes of the Copyright Act, not only securing a

14  fair return for creative labor but also "the stimulation of artistic creativity for the

15  general public good." *Id.* at 1136, citing *Fogerty,* 510 U.S. at 526-527, (further

16  citation omitted).

17      Plaintiff's infringement claim was truly frivolous.   Thus, awarding Defendant

18  his attorneys' fees here would advance the interests of compensation by protecting

19  Defendant from the cost of needless litigation.

20      Second, an award of attorneys' fees here will advance considerations of

21  deterrence.  "On the question of deterrence, an award of costs and fees is crucial

22  [when the plaintiff proceeded with an objectively unreasonable claim], to deter this

23  plaintiff, and other similarly situated plaintiffs, from bringing unreasonable claims

24  based on a cost/benefit analysis that tells such plaintiffs that they can score big if they

25  win and that there will be no adverse consequences if they lose." *Baker v. Urban*

26  *Outfitters, Inc.,* 431 F. Supp. 2d 351, 359 (S.D.N.Y. 2006), citing *Earth Flag Ltd. v.*

27  *Alamo Flag Co.,* 154 F.Supp.2d 663, 668 (S.D.N.Y. 2001) ("This case presented a

28  straightforward copyright infringement claim that was objectively unreasonable ....

38734

1  and an award of attorneys' fees in such a case would beneficially deter, rather than

2  excessively chill, future lawsuits.  Failing to award attorneys' fees to defendant in

3  such situations would invite others to bring similarly unreasonable actions without

4  fear of any consequences."). *See also Majack,* 81 F.3d at 890 (even if a plaintiff was

5  not motivated by bad faith, fee award appropriate where claim was unreasonable

6  because the award "may deter baseless suits"); *Scott v. Meyer,* 2010 WL 2569286 at

7  *3 (C.D. Cal. June 21, 2010) (awarded attorneys' fees when defendants were forced to

8  defend against plaintiff's claims even after pointing out the fatal flaws from which her

9  lawsuit suffered).

10      By successfully defending Independent's Script, Defendants advanced the

11  meritorious copyright source defense that only creative expression, and not historical

12  facts or public domain material, are protectable, and promoted the interests of the

13  Copyright Act. As early as December 2015, before the FAC was filed, Defendants'

14  counsel advised Plaintiff's counsel of the fatal flaws in his copyright claim. Petrich

15  Decl., ¶ 23. The costs of Defendants' defense should be borne by Plaintiff.  *Mattel,*

16  *supra,* 705 F.3d at 1111.  Conversely, failure to award Defendants reimbursement of

17  their fees would thwart the purposes of the Copyright Act and would promote future

18  meritless litigation.  *Id.* (MGA's "failure to vigorously defend against Mattel's claims

19  could have ushered in a new era of copyright litigation aimed not at promoting

20  expression but at stifling the 'competition' upon which America thrives," affirming

21  award to MGA of well over $100 million in fees, *Mattel v. MGA Entertainment, Inc.,*

22  2011 WL 3420603 at *10 (C.D. Cal. Aug. 4, 2010)).  An award of attorneys' fees and

23  costs to Defendants would further both compensation and deterrence of frivolous

24  lawsuits.

25

26  **IV.    THE AMOUNT OF ATTORNEYS' FEES DEFENDANT SEEKS IS**

27  **REASONABLE**

28      The Copyright Act, 17 U.S.C. § 505, authorizes the award of "reasonable"

38734

attorneys' fees.  In cases with multiple claims, a prevailing party on a copyright claim may recover attorneys' fees on the copyright claim and on any related claims. *The Traditional Cat Ass'n v. Gilbreath*, 340 F.3d 829, 833 (9th Cir. 2003). Fees based on non-related claims may be apportioned out of the fee award. *Id.* at 834. "There is no precise rule or formula for making these determinations" and apportionment is left to the discretion of the district court. *Id.* at 834-835. Here, Defendants maintain that all claims are related as "[a]t its core, this case is a copyright infringement action." Doc. 74, p.2. Nonetheless, Defendants have attempted to separate out the entries that focus on Plaintiff's state law claims and have applied a 20% discount and an over $5,000 discount given to Defendants from their bills where applicable.

The appropriate amount of fees is calculated under the lodestar method, which requires multiplying the number of hours Defendants reasonably expended by a reasonable hourly rate for the region and for the experience of the attorney(s). *Novelty Textile Inc. v. Wet Seal Inc.*, 2015 WL 9690316 (C.D. Cal. March 4, 2015).

Based on the facts of this copyright infringement lawsuit, Defendants seek an award of their reasonable attorneys' fees and costs in the sum of $103,702.67.  Such expenditures were necessarily incurred solely in connection with bringing an expeditious end to this meritless litigation.  These fees included 37 hours of partners' time billed at a rate of $420-450 per hour and 425.3 hours of work of associate and of counsel time billed at $360 per hour, subject to discounts.  Petrich Decl. ¶¶ 6, 8, 30. Defendants also seek postjudgment interest pursuant to 28 U.S.C. § 1961. To the extent any of the costs and fees included here are granted in Defendants' Application to Tax Costs, we respectfully ask the Court to reduce this award accordingly.

A.    **The Relevant Factors**

The Ninth Circuit Court has stated that the following dozen factors are relevant to a determination of the amount of reasonable attorneys' fees to be awarded a "prevailing party" in a copyright infringement case:

38734

(1)     the time and labor required;

(2)     the novelty and difficulty of the questions involved;

(3)     the skill requisite to perform the legal service properly;

(4)     the preclusion of other employment by the attorney due to acceptance of the case;

(5)     the customary fee;

(6)     whether the fee is fixed or contingent;

(7)     time limitations imposed by the client or the circumstances;

(8)     the amount involved and the results obtained;

(9)     the experience, reputation, and ability of the attorneys;

(10)    the "undesirability" of the case;

(11)    the nature and length of the professional relationship with the client; and

(12)    awards in similar cases.

*Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975)[2]; *Curtis v. Illumination Arts, Inc.*, 33 F. Supp. 3d 1200, 1222 (W.D. Wash. 2014) (the court considers only those factors it deems relevant to the circumstances).

As demonstrated below, under the relevant factors listed above, the attorneys' fees incurred by Defendants in this case were reasonable.

The time and labor [Factor (1) above] required to defend against a copyright infringement action suit against a motion picture production company with a script ready for production was substantial. *See* Petrich Decl., ¶¶ 6, 8, 21. Moreover, counsel for Defendant, Leopold, Petrich & Smith ("LP&S") (formerly "Youngman, Hungate & Leopold"), specializes in the defense of copyright infringement and related actions and therefore incurred no added expense to learn the relevant area of the law [Factor (2) above]. *See* Petrich Decl., ¶ 11-17. To the contrary, because of its

---

[2] *City of Burlington v. Dague*, 505 U.S. 557, 112 S.Ct. 2638, 120 L.Ed.2d 449 (1992) has since deemed irrelevant the contingent nature of the fee and the "desirability" of the case.

38734

expertise, LP&S was able to prepare economically and efficiently to secure this dismissal [Factor (3) above].  *See* Petrich Decl., ¶ 11-17, 19.  The nature of making a summary judgment motion of this nature, including the analysis of several hundred pages of source material, Plaintiff's Book, the Script, and preparation of legal defenses necessarily requires a significant time commitment in which the preparing attorney is limited in spending time on other matters during certain periods of the case. [Factor (4) above]. Petrich Decl. ¶ 22.

Defendants' counsel worked quickly in order to quickly and effectively resolve the case with an impending trial date and with clients who needed swift resolution in order to continue developing the film at issue. [Factor (7) above].   *See* Petrich Decl., ¶ 20-21.  Despite its specialization, LP&S charged Defendants no more than $450 per hour for the services of its lead attorney, rates undoubtedly lower than that charged by other defense attorneys [Factor (5) above].  *See* Petrich Decl., ¶¶ 11-18.

Plaintiff's FAC sought an injunction, an accounting, actual and special damages attributable to the alleged infringement of Plaintiff's Book.  Doc. 12, p. 27-28.  The matter therefore encompassed the disposition of extremely valuable rights and large sums of money, such that the amount of attorneys' fees incurred by Defendants represents only a small percentage of the relief sought by Plaintiff, especially because Defendants needed to develop and release their film in order to recoup their significant investment.  *See* Petrich Decl., ¶ 25.   Because Defendants' motion picture was at risk, Defendants had to defend and win the lawsuit in order to make their motion picture, which they had already invested in substantially.

Given the amount involved, and the favorable results achieved [Factor (8) above], the attorneys' fees incurred by Defendant — representing but a very small fraction of the matters in controversy – are certainly reasonable and by no means disproportionate to the amount claimed at issue.

As stated above, LP&S specializes in the defense of actions involving intellectual property, including copyright infringement actions.  In fact, in recent

11

DEFENDANTS INDEPENDENT FILM PRODUCTIONS LIMITED AND LUC ROEG'S  NOTICE OF MOTION AND MOTION FOR AWARD OF REASONABLE ATTORNEYS' FEES AND COSTS, ETC.

38734

1  years, although its size has never exceeded 16 attorneys, LP&S has represented

2  defendants in these areas in many of the leading published decisions of the United

3  States Supreme Court,[3] the Ninth Circuit,[4] the Central District of California,[5] the

4  California Court of Appeal,[6] and other courts around the country.[7]  *See* Petrich Decl.,

5  ¶ 11.

6

7  ———————————

8  [3]  *Stewart v. Abend*, 495 U.S. 207 (1990), *aff'g*, 863 F.2d 1465 (9th Cir. 1988).

9  [4]  *See, e.g., SOFA Entertainment, Inc. v. Dodger Productions, Inc.*, 709 F.3d 1273 (9th Cir. 2013); *Dath v. Sony Computer Entertainment America, Inc.*, 653 F.3d 898 (9th Cir. 2011); *Subafilms, Ltd. v. MGM-Pathe Communications Co.*, 24 F.3d 1088 (9th Cir. 1994) (en banc); *AMPAS v. Creative House*, 944 F.2d 1446 (9th Cir. 1991); *Shaw v. Lindheim*, 919 F.2d 1353 (9th Cir. 1990); *Effects Associates, Inc. v. Cohen*, 908 F.2d 555 (9th Cir. 1990); *Harper House, Inc. v. Thomas Nelson Publishers, Inc.*, 889 F.2d 197 (9th Cir. 1989); *S.O.S., Inc. v. Payday, Inc.*, 886 F.2d 1081 (9th Cir. 1989); *Olson v. NBC, Inc.*, 855 F.2d 1446 (9th Cir. 1988); *Baxter v. MCA Inc.*, 812 F.2d 421 (9th Cir. 1987); *Berkic v. Crichton*, 761 F.2d 1289 (9th Cir. 1985); *Litchfield v. Spielberg*, 736 F.2d 1352 (9th Cir. 1994); *Twentieth Century-Fox Film Corp. v. MCA Inc.*, 715 F.2d 1327 (9th Cir. 1983); *Followay Productions v. Maurer*, 603 F.2d (9th Cir. 1979); *Self-Realization Fellowship Church v. Ananda Church of Self-Realization*, 206 F.3d 1322 (9th Cir. 2000); *Metcalf v. Bochco*, 294 F.3d 1069 (9th Cir. 2002); *Metcalf v. Bochco*, 200 Fed. Appx. 635 (9th Cir. 2006); *Lassiter v. Twentieth Century Fox Film Corp.*, 288 Fed. Appx. 194 (9th Cir. 2007).

[5]  *See, e.g., Bernal v. Paradigm Talent Agency*, 788 F.Supp.2d 1043 (C.D. Cal. 2010); *Campbell v. Walt Disney Co.*, 718 F.Supp.2d 1108 (C.D. Cal. 2010); *Shaw v. Lindheim*, 809 F.Supp. 1393 (C.D. Cal. 1992) (after remand); *Franklin v. Cannon Films, Inc.*, 654 F.Supp. 133 (C.D. Cal. 1987); *Houts v. Universal City Studios, Inc.*, 603 F.Supp. 26 (C.D. Cal. 1984); *Meta-Film Assoc. Inc. v. MCA Inc.*, 586 F.Supp. 1346 (C.D. Cal. 1984); *Overman v. Universal City Studios, Inc.*, 605 F.Supp. 350 (C.D. Cal. 1984), *aff'd w/o opin.*, 767 F.2d 933 (9th Cir. 1985); *Weygand v. CBS, Inc.*, 43 USPQ2d 1120 (C.D. Cal. 1997); *Idema v. DreamWorks, Inc.*, 162 F.Supp.2d 1129 (C.D. Cal. 2001) , *aff'd*, 90 Fed Appx. 496 (9th Cir. 2003); *Merrill v. Paramount Corp.*, 78 USPQ 2d 1192 (C.D. Cal. 2005).

[6]  *See, e.g., Kightlinger v. White*, 2009 WL 4022193 (Cal.App. Nov. 23, 2009); *Lutz v. De Laurentiis*, 211 Cal.App.3d 1317 (1989); *Aguilar v. Universal City Studios, Inc.*, 174 Cal.App.3d 384 (1985); *Klekas v. EMI Films, Inc.*, 150 Cal.App.3d 1102 (1984); *Mann v. Columbia Pictures, Inc.*, 128 Cal.App.3d 628 (1982).

[7]  *See, e.g., Valentine v. CBS, Inc.*, 698 F.2d 430 (11th Cir. 1983); *Miller v. Universal City Studios, Inc.*, 650 F.2d 1365 (5th Cir. 1981); *Ferguson v. NBC, Inc.*, 584 F.2d 111 (5th Cir. 1978); *Murray Hill Publications, Inc. v. Twentieth Century-Fox Film Corporation*, 361 F.3d 312 (6th Cir. 2004); *Landon v. Twentieth Century-Fox Film Corp.*, 384 F.Supp. 450 (S.D.N.Y. 1974); *Corbello v. DeVito*, 832 F.Supp.2d 1231 (D. Nev. 2011); *In re Marvel Entertainment Group, Inc.*, 254 B.R. 817 (D. Del. 2000); *A Slice of Pie Prods. LLC v. Wayans Brothers Entertainment*, 487 F.Supp.2d 41 (D. Conn. 2007); *West v. Perry*, 2009 WL 2225569 (E.D. Tex. July 23, 2009), *aff'd* 2010 WL 3303752 (5th Cir. Aug. 23, 2010); *Muller v. Twentieth Century Fox Film Corp.*, 794 F.Supp.2d 429 (S.D.N.Y 2011) *aff'd* 501 Fed.Appx. 81 (2nd Cir. 2012); *Harter v. Disney Enterprises, Inc.*, 2012 WL 4324417 (E.D.Mo. 2012).

DEFENDANTS INDEPENDENT FILM PRODUCTIONS LIMITED AND LUC ROEG'S NOTICE OF
MOTION AND MOTION FOR AWARD OF REASONABLE ATTORNEYS' FEES AND COSTS, ETC.

38734

1    Moreover, attorneys from LP&S have been extremely active in the Copyright

2 Society, serving for many years as officers therein, and have spoken and written

3 frequently on the subject of copyright before writers, studio executives and other

4 attorneys [Factor (9) above].  *See* Petrich Decl., ¶ 11, 27.

5    This was a new relationship with these particular clients and was our first

6 litigation matter with them. [Factor (11) above] Petrich Decl., ¶ 15.

7    Finally, federal courts have made substantially higher awards under similar

8 circumstances [Factor (12) above].[8]

9    For these reasons, Defendant respectfully submits that the amount of fees

10 incurred by them was reasonable.

11

12    **V.    CONCLUSION**

13    For the foregoing reasons, Defendants request, pursuant to 17 U.S.C. § 505, that

14 they be awarded against Plaintiff their reasonable attorneys' fees and costs in the

15 amount of $103,702.67.

16

17

18 DATED:  November 22, 2016              /s/ Louis P. Petrich

19                                         LOUIS P. PETRICH
                                          DONALD R. GORDON
                                          JAMIE LYNN FRIEDEN
20                                         LEOPOLD, PETRICH & SMITH, P.C.
                                          Attorneys for Defendants
21                                         INDEPENDENT FILM PRODUCTIONS
                                          LIMITED and LUC ROEG
22

23

24 _____

25 [8] *See, e.g., Universal City Studios, Inc. v. Nintendo Co., Ltd.*, 615 F.Supp. 838, 863
   (S.D.N.Y. 1985), aff'd, 797 F.2d 70, 77 (2d Cir. 1986) (awarding successful defendant
26 in copyright, trademark and unfair competition action the sum of $1,142,545.70 as
   reasonable attorneys' fees; affirmed on appeal); *Fantasy, Inc. v. Fogerty*, 94 F.3d 553
27 (9th Cir. 1996) (affirming as reasonable an attorneys' fee award of $1,347,519 to
   successful defendant in copyright infringement action).  Federal courts have also made
28 awards in far greater orders of magnitude requested herein to prevailing defendants in
   infringement actions.  *See* cases collected at 4 *Nimmer*, § 14.10[C], 14-210 to 141-213
   at n. 114 (2013).

38734